OPINION OF THE COURT
Joel L. Blumenfeld, J.
Defendant is charged with violating Administrative Code of the City of New York § 436-5.0 (g) (firearms); Penal Law § 265.01 (criminal possession of a weapon), and Penal Law § 120.15 (menacing). Defendant was arraigned on a misdemeanor complaint on December 23, 1987. The case was adjourned for 28 days later until January 20, 1988. On that date, *763 the People attempted to serve notice pursuant to CPL 710.30 (1) (a), (b). CPL 710.30 (2) requires that such notices be served within 15 days after arraignment and before trial. The court may allow late service upon a showing of good cause by the District Attorney. (CPL 710.30 [2].) As more than 15 days had elapsed since arraignment the court would not permit the People to serve such notices without a showing of good cause. The case was adjourned until February 3, 1988 but advanced to January 26, 1988 at which time the accusatory instrument was converted to an information. The defense counsel was not present and was to be notified. The case was then before this court on February 3, 1988 as originally scheduled. At defense request a motion schedule was set.
Defense counsel now erroneously moves for suppression of statements and identification evidence or in the alternative a hearing. Since service of notices pursuant to CPL 710.30 (1) (a), (b) were not properly served, the correct motion would be a request for an order of preclusion. The court will deem defense counsel’s motion as one requesting such relief.
CPL 710.30 (2) requires notice to be served within 15 days of arraignment. " 'Arraignment’ means the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action.” (CPL 1.20 [9].) Following the filing of an accusatory instrument the defendant must be arraigned. In the course of this case, as in most other criminal court matters, two accusatory instruments were filed. On December 23, 1987 a misdemeanor complaint was filed commencing the criminal action and defendant was arraigned on that accusatory instrument. On January 26, 1988 a corroborating affidavit was filed thereby converting the misdemeanor complaint to an information. This act constitutes the filing of another accusatory instrument. Defendant must then be arraigned on the information. (CPL 170.65 [1].) However, defendant did not appear before the court on the information until February 3, 1988 which would be deemed the arraignment date for the information.
The filing of an information changes the way the case will proceed. The People are now able to proceed to trial. A complaint need only allege facts of an evidentiary character tending to support the charges and to provide reasonable *764 cause that the defendant committed the offense but an information must also contain nonhearsay allegations establishing if true every element of the offense charge. (CPL 100.15, 100.40.) The information must make out a "prima facie case on its face” as no evidence is actually presented prior to trial as with an indictment. (People v Alejandro, 70 NY2d 133 [1987].) Once there is a sufficient accusatory instrument to proceed to trial, defense counsel may request a motion schedule. The defendant is to make all pretrial motions 45 days after arraignment on the information. (CPL 255.20 [1], [2].) The court will consider additional motions after the prescribed period if defendant could not have, with due diligence, been aware of grounds to bring the motion. (CPL 255.20 [3].) CPL 710.30 was amended in 1976 to assist defense counsel in complying with CPL 255.20 (1), (2). The Legislature changed the time period in which the People were permitted to serve notice. (L 1970, ch 996, as amended by L 1976, chs 8, 194.) No longer could service be made any time before trial but now it had to be made within 15 days of the arraignment. The amendment allows defense counsel to have knowledge of such potential evidence prior to making the omnibus motion. The effect is that defense counsel may request the appropriate relief in his omnibus motion without the necessity of making an additional pretrial motion pursuant to CPL 255.20 (3) after the 45 days. The amendment was therefore enacted to provide a more orderly, swift and efficient determination of pretrial motions. (People v O’Doherty, 70 NY2d 479 [1987].)
CPL 710.30 refers to notice being served "within fifteen days after arraignment”; not arraignment on a specific accusatory instrument nor arraignment on the accusatory instrument that commenced the criminal action. (CPL 1.20.) To calculate the 15 days from the date of arraignment on an information only furthers the legislative intent of CPL 710.30. A motion schedule is provided at that time. Defendant will receive notice of the intent of the People to offer potentially suppressible evidence in advance of his prescribed period of time to make an omnibus motion. This advances the speedy prosecution of cases within the criminal court. To allow defense counsel 45 days from arraignment on an information to make his omnibus motion but to require a different standard for the People by requiring them to serve CPL 710.30 notices within 15 days after arraignment on the misdemeanor complaint would be patently unfair and contrary to legislative intent.
To date, defense counsel has not been served with notice *765 pursuant to CPL 710.30. An excess of 15 days has elapsed since February 3, 1988, the date of arraignment on the information. Although defendant may not be prejudiced by service of a late CPL 710.30 notice now, that is no longer the controlling standard. The Court of Appeals has strictly interpreted the statute, that the People will be precluded from introducing such evidence if they do not conform with the 15-day time period in the absence of establishing good cause for their failure. (People v O’Doherty, supra.) Accordingly defendant’s motion is granted. The People are hereby precluded from offering at trial evidence of any statements made by defendant or testimony regarding identification of the defendant. However, the court will allow the People to move for permission to serve late notices upon showing good cause, why they could not have been timely made. (CPL 710.30 [2].)
The court notes that defendant is charged under the old New York City Administrative Code section. The court takes judicial notice that the Code was recodified and enacted September 1, 1986. The People are ordered to amend the accusatory instrument to include the updated section of the Administrative Code (§ 10-131 [g]).