OPINION OF THE COURT
Marie G. Santagata, J.
The defendant has moved this court by omnibus motion (supplemental to the stipulation in lieu of motions completed *646 by defense counsel and Assistant District Attorney Kenneth Fitzgerald on Jan. 11, 1988) for the following relief: (1) inspection of the Grand Jury minutes; (2) dismissal of the indictment by reason of the "unconstitutionality of CPL § 190.50 (4) as applied to Article I, Section 6 of the constitution of the State of New York” on the ground that the defendant was deprived of due process as a result of the District Attorney’s refusal to allow defendant’s witnesses to testify before the Grand Jury unless they executed waivers of immunity pursuant to CPL. 190.45; and (3) an order precluding the District Attorney from using at trial any statements allegedly made by the defendant on the ground that the District Attorney has failed to adequately provide the defendant with notice pursuant to CPL 710.30.
The following constitutes the decision of this court on each of defendant’s requests:
1) Inspection of the Grand Jury minutes is granted to the extent that the court has examined same. The court is satisfied that the evidence presented to the Grand Jury was proper and legally sufficient to support all of the crimes charged in the indictment or any lesser included offenses. (CPL 210.20 [1] [b].)
2) Defendant’s motion for dismissal of the indictment on the ground of "unconstitutionality of CPL § 190.50 (4)” is denied.
The defendant contends that CPL 190.50 (4) deprives the defendant of due process of law under both the Constitution of the State of New York (art I, § 6) and the Constitution of the United States of America (14th Amend). More specifically, the defendant argues that because of the discretionary power vested in the District Attorney by CPL 190.50 (4), two witnesses were prevented from testifying in his behalf before the Grand Jury, which handed up the instant indictment. That subdivision permits the District Attorney to demand that defendant’s witnesses waive their immunity before giving evidence to the Grand Jury. The defendant contends that such authority "impairs and interferes with the independent, investigatory power of the Grand Jury and its ability to properly and fairly inquire into the factual circumstances surrounding its investigation”. It is argued that this perceived ability of the District Attorney to, "by design * * * prevent the Grand Jury from carrying out its sworn function of investigating 'otherwise infamous crime[s]’ ” violates the due process guarantees of the State and Federal Constitutions.
*647 "Due process of law” is not a rigid or technical legal rule, capable of a structured and precise definition applicable in the same way to every factual situation. (People v Colozzo, 54 Misc 2d 687, 691, affd 32 AD2d 927; People v Molina, 121 Misc 2d 483, 492, citing Cafeteria Workers v McElroy, 367 US 886, 895.) Rather, it is a flexible concept, which embraces that which is fundamentally fair, just, and right under the particular facts and circumstances of a given case. (People v Colozzo, supra, at 691, citing Wolfe v Colorado, 338 US 25, and Rochin v California, 342 US 165; People v Molina, supra, at 492, citing Morrissey v Brewer, 408 US 471, 481; People v Brown, 125 Misc 2d 132, 134-135, citing Smith v Phillips, 455 US 209, 219.) Stated in other words, the "concept of 'due process’ embraces the general principle that the government shall abide by standards of procedural fairness which have been traditional in Anglo-American Law.” (Montgomery v Daniels, 81 Misc 2d 373, 377-378.)
The prosecution of a "capital or otherwise infamous crime” by Grand Jury indictment is a part of that Anglo-American legal tradition. (People v Pelchat, 62 NY2d 97, 104.) However, functionally and procedurally, a Grand Jury proceeding is not, and never was, equatable with a trial by a petit jury of one’s peers. (See, e.g., People v Lancaster, 69 NY2d 20, 26; People v Brewster, 63 NY2d 419, 422; People v Calbud, Inc., 49 NY2d 389, 394.) The two proceedings perform distinctly different functions. The procedural "due process” standard applicable to one is therefore distinctly different from the standard applicable to the other. The two may not fairly be equated, nor measured one against the other.
A jury trial is designed to ultimately determine an accused’s guilt or innocence. A Grand Jury proceeding performs an investigatory/accusatory function, as well as the vital function of safeguarding the innocent from unfounded accusations. (People v Pelchat, supra, at 104; People v Iannone, 45 NY2d 589, 594.) In order to fulfill its dual function, the Grand Jury is accorded "broad investigative powers” (People v Lancaster, supra, at 25; Matter of Stern v Morgenthau, 62 NY2d 331, 336). Moreover, in general, the People are allowed a "wide discretion” in the presentation of their case to that body. (People v Lancaster, supra, at 25; People v Rockwell, 97 AD2d 853, 854.) Finally, the Grand Jury proceeding is not, and never was intended to be, adversarial in nature. (People v Lancaster, supra, at 26; People v Brewster, supra, at 422.) Thus, what may be deemed fundamentally fair at the Grand *648 Jury may differ radically from the fundamental fairness concept appropriate to the trial.
The Court of Appeals appears to define fundamental fairness at the Grand Jury as requiring only (1) that the Grand Jury "be well informed concerning the circumstances of the case before it” (People v Lancaster, supra, at 25; People v Valles, 62 NY2d 36, 40); and (2) that the prosecutor meet an obligation of "fair dealing to the accused and candor to the courts” to, in short, "see that justice is done.” (People v Pelchat, supra, at 105.) In applying this standard, the court has held that the standard is not violated in instances where the Grand Jury has not been instructed on the law with the same degree of precision as is required at a jury trial (People v Calbud, Inc., supra, at 394); where the Grand Jury has not been instructed on such matters as "mitigating defenses” which might have reduced the gravity of the offense ultimately charged (People v Lancaster, 69 NY2d, supra, at 30; People v Valles, supra, at 39); and where the Grand Jury has not been presented with evidence which tends to exculpate the defendant (People v Lancaster, supra, at 26; see also, People v Townsend, 127 AD2d 505; People v Isla, 96 AD2d 789; People v Hill, 122 Misc 2d 895, 897; People v Filis, 87 Misc 2d 1067, 1068-1070).
Based upon the foregoing, it cannot be said that the implementation ' of the provisions of CPL 190.50 (4) in this case violated the standard of fundamental fairness set forth by the Court of Appeals for Grand Jury proceedings. First, whether the potential testimonies of the defendant’s two witnesses be considered "mitigating” or "exculpatory”, the highest court of this State has held that such evidence need not be presented at the Grand Jury stage. "Due process” is not violated by a failure to present such evidence to the Grand Jury. (People v Filis, supra, at 1069.) Furthermore, CPL 190.50 (4) does not prevent the presentation of such evidence to the Grand Jury, thereby frustrating its investigatory function. In fact, the contrary is true. CPL 190.50 (4) tends to further the Grand Jury’s investigatory/accusatory function by protecting the People of the State of New York from the unwise, unwarranted, and uninformed conferring of immunity by the Grand Jury on suspect persons, the ultimate result of which could be the total preclusion of a particular criminal incident from any prosecution. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.50 [4], at 278.) Since a Grand Jury proceeding is in no sense adversarial, the fact *649 that the Legislature places a reasonable and salutary limitation on a defendant’s access to the Grand Jury can hardly be said to violate the concept of due process. More particularly, in this case, it cannot be said that CPL 190.50 (4) unconstitutionally restricted the Grand Jury’s access to information it "ought to” have had (People v Lancaster, supra, at 26, 30) or unconstitutionally aided the prosecutor to avoid a duty of "fair dealing” and "candor”. (People v Pelchat, 62 NY2d, supra, at 105.)
The defendant’s right to "due process” has not been violated in this Grand Jury presentment; CPL 190.50 (4) is not violative of the constitutional right to due process.
3) Defendant’s motion for an order precluding the District Attorney from using the statements of the defendant at trial is denied. The District Attorney has provided timely notice to the defendant pursuant to CPL 710.30.
The basis of defendant’s motion is his assertion that CPL 710.30 requires the People to serve notice upon the defendant within 15 days after defendant’s initial arraignment on the felony complaint.
CPL 710.30 (2) states: "Such notice must be served within fifteen days after arraignment and before trial” (emphasis added).
Both the Court of Appeals and the Appellate Division, Fourth Department, have examined this issue as it relates to the notice requirement under CPL 700.70 pertaining to wiretap evidence. They have held that the 15-day period is to be computed from the date of defendant’s arraignment on the indictment. (People v Basilicato, 64 NY2d 103; People v Baris, 116 AD2d 174, 188-189 [4th Dept 1986], lv denied 67 NY2d 1050.)
CPL 700.70 states that no intercepted communication nor evidence derived therefrom may be received in evidence against a defendant at trial "unless the people, within fifteen days after arraignment and before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant” (emphasis added).
Since there is a presumption of statutory construction that similar meaning attaches to the use of similar words as they appear in other statutes of like import (People v Bart’s Rest. Corp., 42 Misc 2d 1093, 1095; McKinney’s Cons Laws of NY, Book 1, Statutes § 236, at 402), this court finds that the "arraignment” contemplated by CPL 710.30 is the arraign *650 ment on the triable accusatory instrument, i.e., indictment. In the instant case, the District Attorney served notice of the defendant’s statements upon the defendant on the date of his arraignment on the indictment and was thus in strict compliance with the statute. The defendant’s request is denied.
Defendant’s motion is denied except to the extent specifically granted herein.