OPINION OF THE COURT
Herbert J. Lipp, J.
Defendant moves for an order precluding the District Attorney from offering into evidence, at his trial, a statement defendant allegedly made to the police after his arrest. Defendant maintains that the District Attorney did not comply with the notice provisions required by CPL 710.30 (2) by serving upon the defendant the required written notice on September 25, 1987, 25 days after the defendant’s Criminal Court arraignment. The District Attorney admits that service was effected on September 25, 1987, but asserts that since the defendant was arraigned on the indictment on that date the notice requirement is therefore satisfied.
The key issue in this case is whether the 15-day period specified in CPL 710.30 (2) begins to run when the defendant is arraigned in Criminal Court, on the accusatory instrument, *263 or when he is arraigned in Supreme Court, on the indictment. While each party has presented the court with their arguments, neither has presented the court with any case law tp support their positions.
Although this court will strictly adhere to the principles promulgated in People v O’Doherty (70 NY2d 479) and People v Briggs (38 NY2d 319), the court must deny defendant’s instant motion based on People v Baris (116 AD2d 174, lv denied 67 NY2d 1050), wherein the Fourth Department, in interpreting the notice statutorily required in wiretap cases, held that the 15-day period begins to run from the date of defendant’s arraignment on the indictment.
The key issue in People v Baris (supra, at 188) was "whether the 15-day period began to run upon the initial arraignment on the felony complaints or from the dates of defendants’ arraignment on the indictments.” The statute the court was interpreting was CPL 700.70: "The contents of any intercepted communication, or evidence derived therefrom, may not be received in evidence or otherwise disclosed upon a trial of a defendant unless the people, within fifteen days after arraignment and before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant”.
After examining CPL article 255 and the legislative history behind the amendments to CPL articles 255 and 700, the Fourth Department held that the 15-day period specified in CPL 700.70 begins' to run after defendant’s arraignment on the indictment.
In the motion before this court, the defendant moves for preclusion of the statement evidence against him based on the People’s failure to provide written notice as required by statute. CPL 710.30 (2) provides: "Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before the trial * * * to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice, thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.”
The People do not seek to invoke the "good cause” exception to the statute but request the court use a defendant’s arraignment on the indictment as the benchmark for the running of the 15-day period.
Prior to 1976, CPL 710.30 (2) provided that notice of a *264 defendant’s statements made to a public servant must be "served before trial”. Similarly, prior to 1976, CPL 700.70 provided that a copy of the eavesdropping warrant and accompanying application for such warrant must be disclosed to the defendant "not less than ten days before the commencement of the trial.” Pursuant to Laws of 1976 (ch 194, §§ 2, 3), these provisions were changed to their present wording. Both amendments deleted portions of the current statute and inserted the words "within fifteen days after arraignment and”. Since both statutes were amended with exactly the same language on the same day, the Legislature obviously intended both statutes to have a similar benchmark and timeframe, i.e., 15 days after arraignment.
In addition to the similarity in the language involved, the Fourth Department in People v Baris (supra) also noted the correlation between CPL articles 700 and 255. Article 255 pertains to pretrial motions and delegates a timeframe for the filing of such motions. CPL 255.20 (1) states that "all pretrial motions shall be served or filed within forty-five days after arraignment and before the commencement of trial”. CPL 255.10 (1) defines what constitutes a pretrial motion. Included in this definition section is subdivision (a) "dismissing an indictment” and subdivision (d) "granting a bill of particulars”. Since neither motion can be raised until after an indictment is already filed (CPL art 210; 200.95) it is obvious that the 45-day period begins to run upon the arraignment of the indictment.
Since the legislative purpose of the Omnibus Pretrial Motion Bill of 1974 was to "present the vast bulk of the pre-trial litigation of criminal cases before one judge, on one set of papers and at one time”, a consistent benchmark should be used to determine when the time begins to run. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 255.10, at 437.)
In the absence of any expressed intent by the Legislature, this court would be hardpressed to find a benchmark different from that determined by the Fourth Department in their interpretation of the amendments added by the Legislature in 1976. This court, therefore, denies defendant’s motion for preclusion of defendant’s statement made to a public servant and holds that the 15-day period specified by CPL 710.30 (2) begins to run upon the defendant’s arraignment on the indictment.