■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH PENASSO, LOUIS SCARNATO, DAVID PREVETE and SAM SAMBUCCI, Respondents.—Appeal by the People from so much of an order of the Supreme Court, Queens County (Clabby, J.), dated June 3, 1986, as, after a hearing, granted those branches of the omnibus motions of the defendants Penasso, Scarnato, Prevete and Sambucci which were to suppress eavesdropping evidence.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of omnibus motions of the defendants Penasso, Scarnato, Prevete and Sambucci which were to suppress eavesdropping evidence are denied, with leave to the defendant Prevete to renew that branch of his motion, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendants Penasso, Scarnato, Prevete and Sambucci (hereinafter the defendants) contend that the eavesdropping evidence in question must be suppressed because pursuant to CPL 700.70 they were not furnished "with a copy of the eavesdropping warrant, and accompanying application" within 15 days following their arraignment. It is their position that the 15-day period began to run at the time they were arraigned before the Criminal Court, Queens County, in August 1985, while the People argue that the operative date is the date of the defendants' arraignment on the indictment in the Supreme Court. At the hearing it was stipulated that all the defendants, except David Prevete, were served with the proper papers within 15 days of their arraignments on the indictment. David Prevete was arraigned on the indictment at issue herein (indictment No. 5147/85) on December 19, 1985, but not served with the eavesdropping warrant and supporting application until January 10, 1986. In its order suppressing the evidence the hearing court held that although "[t]he

parties have stipulated that the required papers were served within fifteen days of the Supreme Court arraignment", (1) the 15-day period in CPL 700.70 ran from the date of the defendants' first arraignment before the Criminal Court since the statute did not specify that it was the date of the arraignment on the indictment which controlled, and the statute had to be strictly construed. While we agree with the hearing court that the provisions of CPL article 700 must be strictly construed *(see, People v Schulz,* 67 NY2d 144, 149; *People v Basilicato,* 64 NY2d 103, 116), such a strict construction does not require that conclusion.

In *People v Baris* (116 AD2d 174, *lv denied* 67 NY2d 1050), decided shortly before the hearing herein, the Appellate Division, Fourth Department, decided the same issue raised here. In holding that the 15-day time limit of CPL 700.70 begins to run only from the date of a defendant's arraignment on the indictment, the court examined the legislative history of the statute, stating: "Prior to 1976, CPL 700.70 provided that the warrant and application only had to be turned over at least 10 days prior to trial. Pursuant to the Laws of 1976 (ch 194) this was changed to 15 days following arraignment. The purpose of the change was 'to further effectuate the purposes of chapter 763 of the laws of 1974' which added CPL article 255 establishing the omnibus pretrial motion procedure (1976 NY Legis Ann, at 4). Pursuant to CPL 255.20 (1) 'all pre-trial motions shall be served or filed within forty-five days after arraignment' or, in the case of motions to suppress eavesdropping evidence, within 45 days after service of papers under CPL 700.70. Since the single omnibus motion contemplated by article 255 includes motions to dismiss an indictment (CPL 255.10 [1] [a]) it is obvious that the defendant's time does not begin to run until arraignment on the indictment, which date also then controls for purposes of defining arraignment under CPL 700.70" *(People v Baris, supra,* at 188-189).

Since the *Baris* decision, courts in this department have used its reasoning in construing parallel notice provisions contained in CPL 710.30, regarding the prosecution's intent to use, at trial, statements made by a defendant *(see, People v Pamias,* 139 Misc 2d 262 [Sup Ct, Kings County, May 6, 1988, Lipp, J.]; *People v Hylton,* 139 Misc 2d 645 [Sup Ct, Nassau County, Mar. 25, 1988, Santagata, J.]).

Similarly in *People v O'Doherty* (70 NY2d 479, 488) the Court of Appeals referred to CPL 700.70 when it examined the reasons for the 1976 amendments to CPL 710.30 requiring notice to a defendant within 15 days after arraignment:

"Although CPL 710.30 retains as its central purpose that of providing a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him, the 1976 amendment was designed to serve an ancillary goal—the orderly, swift and efficient determination of pretrial motions. The impetus for the amendment was the enactment of article 255 of the Criminal Procedure Law (L 1974, ch 763, § 1), the omnibus pretrial motion provisions which sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment (see, CPL 255.20; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 255.10, at 437-438). Until the 1976 amendment, however, these goals were compromised by the prosecutor's ability under CPL 710.30 to serve a notice on defendant at any time before trial, which triggered the defendant's right to make an additional pretrial motion, requiring a hearing and resulting in additional delay. It was to alleviate this problem that the 1976 amendments to CPL 710.30, requiring *notice to defendant within 15 days after arraignment, along with conforming changes to CPL 255.20 and CPL 700.70, were proposed (see,* 21st Ann Report of NY Jud Conf, 4th Ann Report by Advisory Committee on CPL, at 339-340, 348-349 [1976])" (emphasis added).

If, as the *Baris* and *O'Doherty* courts reasoned, the purpose behind the 15-day notice requirement was to require "the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment" *(People v O'Doherty, supra,* at 488), a holding that the arraignment referred to in the statute was a defendant's initial arraignment before a local criminal court would defeat the purpose of the notice requirement since, where, as here, the defendants are charged with crimes requiring prosecution by indictment, any suppression motions must be made before a superior court, i.e., a County Court or a Supreme Court *(see,* CPL 710.50; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 710.50, at 135). Since the Supreme Court did not obtain jurisdiction over the defendants until an indictment was filed *(see,* CPL 10.20, 200.10), the defendants could not have moved for suppression until they had been arraigned on the indictment.

With regard to the defendant David Prevete the record reveals that with regard to the instant indictment (indictment

No. 5147/85) he was furnished with the eavesdropping warrant more than 15 days after his arraignment on the indictment, and the Supreme Court, Queens County, erroneously found that the parties had stipulated that he had received the required papers within 15 days of his arraignment on that indictment. He therefore claims that as to him the evidence in question should be suppressed. Although he is precluded from raising this issue on this People's appeal (see, CPL 470.15 [1]; People v Goodfriend, 64 NY2d 695, 697; People v Heizman, 127 AD2d 609), the question is likely to be raised upon remittitur and therefore we will comment upon it. The defendant Prevete argues that the eavesdropping evidence which led to his multiple indictments was obtained as a result of a single application and warrant and since the People failed to serve him with timely notice as to the instant indictment the evidence should be suppressed as to all the indictments. Our reading of CPL 700.70 does not lead us to such a conclusion. The statute merely requires notice to a defendant "within fifteen days after arraignment". Where, as here, a defendant is separately indicted for different crimes arising out of the same series of events and is separately arraigned on each indictment there is nothing in the statute to prevent the People from serving separate notices after each arraignment. However, since the People did not seek an extension from the court "upon good cause shown" (CPL 700.70) it would appear that the evidence with regard to indictment No. 5147/85 should be suppressed (see, People v Schulz, supra; People v Basilicato, supra). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.