OPINION OF THE COURT
Leon A. Beerman, J.
Defendant is charged with one count of the crime of robbery *37 in the first degree under indictment Nos. 6301/86 and 6393/ 86, respectively.
The court, having denied defendant’s motion to suppress identification testimony and his statements on its merits is confronted with the issue of whether the People’s failure to timely serve CPL 710.30 notice has been excused for "good cause” or is preclusion of the statements required because of the concededly late notice? More particularly, does defendant’s absconding prior to the arraignment on the indictment toll the 15-day time period within which the People must serve notice of their intention to use at trial evidence of a defendant’s statement to a public servant (CPL 710.30 [2]).
The instant case presents a unique situation and one which has not been previously addressed in the published cases reviewed by the court in its research of the issue.
At the outset, the court notes that defendant has not waived his right to object to the admission of statements with which he was unacquainted at the time of the hearing by consenting to participate in a Huntley hearing (see, People v St. Martine, 160 AD2d 35).
The procedural history of these indictments is important to the determination of this issue.
Defendant was indicted and the matter was set down for arraignment in the Supreme Court, Queens County, Part AA-2 on December 10, 1986. He failed to appear, whereupon a warrant was issued for his arrest.
More than four years thereafter, on March 11, 1991, defendant, who had been arrested in California, was involuntarily returned on the warrant. He was brought before the court at that time and arraigned on indictment No. 6393/86. The matter first appeared before this court on March 21, 1991. The People were unable to locate their file due to its age and inactive status during the time of defendant’s absence. Despite a diligent search, the file was still missing as of April 23, 1991.
On May 17, 1991, the People discovered that a warrant also had been issued on indictment No. 6301/86. The warrant was vacated and defendant was arraigned on the charge contained therein. Due to the engagement of defense counsel, a hearing was not held until June 25, 1991 at which time the People learned that defendant had made statements with reference to indictment No. 6301/86. Defendant moved this court for an order precluding the use of such statements due to untimely notice.
*38 In the oft-cited case of People v O’Doherty (70 NY2d 479), the Court of Appeals held that the People could not serve a late notice of intention to introduce a statement where they had not shown good cause for failing to give notice within 15 days of arraignment.
It has previously been determined that the 15-day requirement for service of notice of the People’s intention to use defendant’s statements against him at trial (CPL 710.30 [2]) refers to 15 days after defendant’s arraignment on the indictment (see, People v Penasso, 142 AD2d 691).
The statute permits late notice for "good cause shown” (CPL 710.30 [2]). Mere neglect is not, however, "good cause” (People v Boughton, 70 NY2d 854; People v O’Doherty, supra; People v Briggs, 38 NY2d 319; People v Spruill, 47 NY2d 869).
Here, defendant’s failure to appear on the date set for arraignment prevented his arraignment on the crime charged in each indictment.
It is undisputed that the People have no record showing service of statutory notice of the statements in issue and first learned of them in their interview of the witness produced for the Wade hearing.
Under these circumstances, the court finds that where a defendant voluntarily absents himself from the jurisdiction of the court the delay is not caused by any neglect of the prosecutor but by the actions of the defendant and consequently, the time within which CPL 710.30 notice must be served is tolled.
What then of the delay of 39 days between the date of the arraignment and the date of the hearing when notice was actually given, which, defendant argues, is beyond the statutory time in any event?
Both considerations of fairness to the defendant and considerations for the speedy and efficient conduct of criminal prosecutions underlie the legislative directive contained in CPL 710.30 (see, People v O’Doherty, supra).
This is not the case where the People have negligently misplaced a file or failed to properly interview a police witness. Due to the length of defendant’s voluntary absence, witnesses had to be located and reinterviewed. A file, undoubtedly among thousands that pass through arraignment, could not be located.
The court finds that where defendant’s actions have negatively impacted upon the speedy and efficient conduct of this *39 criminal prosecution, the People should not be penalized for their failure to serve timely notice. There is every indication in this case that good faith and diligent efforts were made to ready this case for trial. Notice was given as soon as was practicable.
Accordingly, good cause for late notice has been shown and therefore, defendant’s motion to preclude his statements because of the People’s failure to serve notice pursuant to CPL 710.30 (1) (a) is denied.