■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LITTLEJOHN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Facelle, J.), rendered May 23, 1988, convicting him of assault in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that, for the purpose of determining his motion to dismiss the indictment on the ground that he was denied a speedy trial *(see,* CPL 30.30), the period of time between the People's declaration of readiness under the first indictment and the dismissal of that indictment should be chargeable to the People, because that time period was spent in consideration of the defendant's successful motion to dismiss the first indictment due to the People's failure to allow the defendant to testify before the Grand Jury. We disagree.

In determining a motion to dismiss on speedy trial grounds, a reasonable period of delay resulting from the consideration of the defendant's pretrial motions is excluded from the computations (CPL 30.30 [4] [a]). The statute does not differentiate between successful and unsuccessful pretrial motions. This is not a case where some action on the part of the People prevented the determination of the pretrial motion *(see, e.g., People v McKenna,* 76 NY2d 59).

The defendant also contends that notice, pursuant to CPL 710.30, of the People's intention to use at trial a statement made by the defendant at the time of his arrest was untimely, since it was not served within 15 days after the first arraignment, but was served at the time of the second arraignment. We disagree.

The 15 day limitation of CPL 710.30 was included in the statute for the purpose of imposing order and speed on pretrial motions *(see, People v O'Doherty,* 70 NY2d 479, 488), and it must be read in terms of its relationship with CPL article 255 *(see generally, People v Baris,* 116 AD2d 174; *People v Penasso,* 142 AD2d 691). It is clear that following arraignment on the second indictment the defendant is permitted to, and in this case did, file new pretrial motions pursuant to CPL 255.20. Thus no delay in the order and speed of the pretrial motions was caused by the People's service of the CPL 710.30 notice at the time of the arraignment on the second indictment, and the requirements of the statute are satisfied.

We have examined the defendant's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.