OPINION OF THE COURT
Lee Cross, J.
On December 3, 1992, defendant was arraigned on a charge of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) and the case was adjourned to January 8, 1993 for a ballistics report. On January 8, no ballistics report *726 was forthcoming and the case was adjourned to February 9. On January 15, the People served a copy of the ballistics report, a statement of readiness and CPL 710.30 (1) (a) notice on defense counsel of record. The statement noticed was an admission that the gun belonged to the defendant. Defendant has moved to preclude the People from using that statement against the defendant arguing that the notice was untimely. That motion is denied.
Cases in criminal court can be initiated by the filing of any one of five types of accusatory instruments — an information, a simplified information, a prosecutor’s information, a misdemeanor complaint or a felony complaint. (CPL 100.05.) When one of these accusatory instruments is filed, the defendant must be arraigned on it. (CPL 170.10, 180.10.) Unless a defendant has agreed to prosecution by complaint, he or she has a right to have a complaint converted into an information. (CPL 170.65.) The complaint can be replaced by an information (CPL 100.10 [3]; 100.50, 170.65) or the complaint can be converted into an information by the filing of sworn statements which, when read with the original complaint, establish if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c].) However the complaint is converted into an information, the defendant must be arraigned on the information. CPL 170.65 (1) reads: "A defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must * * * be replaced by an information, and the defendant must be arraigned thereon.” "Arraignment” is defined in CPL 1.20 (9) as the "occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action.”
While the practice in criminal court tends to be informal in that no rote procedure of arraignment is recited when a complaint is converted into an information, it is clear from the statute that the next court appearance of the defendant after conversion constitutes his or her arraignment on the information. In other words, when a defendant is initially charged by way of a misdemeanor complaint which is later converted to an information, he or she is arraigned twice, first on the complaint and then again on the information. In this *727 case, the defendant was arraigned on the misdemeanor complaint on December 3, 1992 and on the information on February 9, 1993, his first appearance after conversion.
CPL 710.30 requires that notice that the People intend to use at trial a statement made by a defendant to a public servant must be served within 15 days after arraignment. In People v O’Doherty (70 NY2d 479 [1987]), the Court of Appeals held that the 15-day limit must be strictly construed and that notice served more than 15 days after arraignment was untimely. The Court said that prejudice to the defendant could not be the decisive factor, since prejudice could always be avoided by giving the defendant the opportunity to make a late motion challenging the statement. If prejudice were the criterion, the 15-day rule would effectively be abrogated. The Court went on to say: "Although CPL 710.30 retains as its central purpose that of providing a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him, the 1976 amendment [establishing the 15-day rule] was designed to serve an ancillary goal — the orderly, swift and efficient determination of pretrial motions. The impetus for the amendment was the enactment of article 255 of the Criminal Procedure Law (L 1974, ch 763, § 1), the omnibus pretrial motion provisions which sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment (see, CPL 255.20; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 255.10, at 437-438). Until the 1976 amendment, however, these goals were compromised by the prosecutor’s ability under CPL 710.30 to serve a notice on defendant at any time before trial, which triggered the defendant’s right to make an additional pretrial motion, requiring a hearing and resulting in additional delay. It was to alleviate this problem that the 1976 amendments to CPL 710.30, requiring notice to defendant within 15 days after arraignment, along with conforming changes to CPL 255.20 and CPL 700.70, were proposed (see, 21st Ann Report of NY Jud Conf, 4th Ann Report by Advisory Committee on CPL, at 339-340, 348-349 [1976]).” (Supra, at 488.)
A defendant has 45 days from his or her arraignment on a complaint and also 45 days from his or her arraignment on an information within which to make motions. (CPL 170.30, 255.20.) While a defendant can file motions addressed to a *728 misdemeanor complaint (CPL 170.30 [1]), it is foolish to do so in the usual case since motions practice excludes the time from CPL 30.30 calculations. And, even if motions were filed addressed to the misdemeanor complaint, the defendant could file another set of motions addressed to the information.
In felony cases it has been uniformly held that the People have 15 days from the defendant’s arraignment on the indictment for filing section 710.30 notice, not 15 days from arraignment on the felony complaint. (People v Pamias, 139 Misc 2d 262 [Sup Ct, Kings County 1988]; People v Hylton, 139 Misc 2d 645 [Sup Ct, Nassau County 1988]; see also, People v Penasso, 142 AD2d 691 [2d Dept 1988]; People v Baris, 116 AD2d 174 [4th Dept 1986].) Indeed, in People v Littlejohn (184 AD2d 790 [2d Dept 1992]), the Court held that when a defendant was reindicted, the People had 15 days from the defendant’s arraignment on the second indictment within which to file a section 710.30 notice. The Court’s reasoning is pertinent here: "The 15 day limitation of CPL 710.30 was included in the statute for the purpose of imposing order and speed on pretrial motions (see, People v O’Doherty, 70 NY2d 479, 488), and it must be read in terms of its relationship with CPL article 255 (see generally, People v Baris, 116 AD2d 174; People v Penasso, 142 AD2d 691). It is clear that following arraignment on the second indictment the defendant is permitted to, and in this case did, file new pretrial motions pursuant to CPL 255.20. Thus no delay in the order and speed of the pretrial motions was caused by the People’s service of the CPL 710.30 notice at the time of the arraignment on the second indictment, and the requirements of the statute are satisfied.” (Supra, at 791.) In this case also, the defendant was permitted to and did file pretrial motions after conversion of the accusatory instrument into an information. No delay in the order and speed of the pretrial motions was caused by the People’s service of the section 710.30 notice with the ballistics report. (See, People v Haines, 139 Misc 2d 762 [Crim Ct, Queens County 1988].)
Finally, it should be noted that notice served prior to arraignment is still timely served. In People v Hilton (147 Misc 2d 200 [Sup Ct, Queens County 1990]), the court cautioned against reading section 710.30 so literally as to forbid notice prior to arraignment on the indictment. While all of the policy concerns spelled out in O’Doherty (supra) are impli *729 coted when notice is served too late, service early in the proceedings helps rather than hinders the orderly handling of the case. Therefore, the fact that the defendant here was served with notice prior to his arraignment on the information is of no moment.