*265 OPINION OF THE COURT
Joan A. Madden, J.
The defendant was initially charged and arraigned on April 21, 1993 on a violation of the Administrative Code alleging that defendant failed to provide a secondary means of egress. (Administrative Code of City of NY §§ 27-365, 15-216 [a], [b].) Subsequently, on June 30, 1993, the People filed a superseding information replacing the original charges with Administrative Code §§ 27-366 and 26-248 (a), and simultaneously served the defendant for the first time with statement notice pursuant to CPL 710.30.
STATEMENT OF NOTICE
The defendant moves this court to preclude the People from introducing at trial any statements allegedly made by the defendant to a public servant based upon the People’s failure to comply with the 15-day period prescribed by CPL 710.30. The issue presented to this court is whether the People may serve statement notice upon the defendant following the arraignment on a superseding information where no such notice was served at the defendant’s arraignment on the original accusatory instrument.
CPL 710.30 (2) provides that the People must serve notice of their intention to offer at trial evidence of a statement by defendant to a public servant "within fifteen days after arraignment and before trial” (emphasis added). In criminal court, a defendant must be arraigned at various stages of the proceedings — upon the filing of an information, a simplified information, a prosecutor’s information or a misdemeanor or felony complaint. (CPL 170.10, 180.10.) In the case at bar, the People filed an information which was subsequently replaced by a superseding information. CPL 170.30 does not specify at which arraignment the 15-day period is triggered, nor is there any provision prohibiting the 710.30 (1) notice at an arraignment on a superseding information.
In People v O’Doherty (70 NY2d 479, 488 [1987]), the Court of Appeals stated that although the central purpose behind the 15-day requirement of CPL 710.30 is to provide the defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him, the statute serves an ancillary goal, "the orderly, swift and efficient determination of pretrial motions.” The Court reasoned that the pretrial motion provision of CPL 255.20 which requires *266 the defendant to make substantially all pretrial motions at one time, on one set of omnibus papers, before one Judge, within 45 days after arraignment, is compromised, if the People are permitted under CPL 710.30 to serve upon the defendant statement notice at any time prior to trial. (Supra.)
In felony cases, where the defendant is generally arraigned initially on a felony complaint and subsequent to the Grand Jury presentations on an indictment, courts have uniformly held that the 15-day period for filing 710.30 statement notice is triggered by the defendant’s arraignment on the indictment, not from arraignment on the felony complaint. (See, People v Penasso, 142 AD2d 691 [2d Dept 1988]; People v Baris, 116 AD2d 174 [4th Dept 1986]; People v Pamias, 139 Misc 2d 262 [Sup Ct, Kings County 1988]; People v Hylton, 139 Misc 2d 645 [Sup Ct, Nassau County 1988].) The courts used CPL article 255 as the benchmark in determining when the time period is triggered, reasoning that since the single omnibus motion contemplated by article 255 includes motions to dismiss an indictment (CPL 255.10 [1] [a]), the defendant’s time to move does not begin to run until arraignment on the indictment, which date also then controls for purposes of defining arraignment under CPL 710.30. (People v Pamias, supra, 139 Misc 2d, at 264; see, People v Baris, supra; People v Littlejohn, 184 AD2d 790 [2d Dept 1992].)
To date no appellate authority exists on the specific question of whether the 15-day period for 710.30 statement notice is retriggered upon the filing of a superseding information. However, in an analogous situation, where the defendant was reindicted, the Second Department held that the People had 15 days from the defendant’s arraignment on the second indictment within which to file 710.30 statement notice. (People v Littlejohn, supra, 184 AD2d, at 791.) The Court stated: "The 15 day limitation of CPL 710.30 was included in the statute for the purpose of imposing order and speed on pretrial motions (see, People v O’Doherty, 70 NY2d 479, 488), and it must be read in terms of its relationship with CPL article 255 (see generally, People v Baris, 116 AD2d 174; People v Penasso, 142 AD2d 691). It is clear that following arraignment on the second indictment the defendant is permitted to, and in this case did, file new pretrial motions pursuant to CPL 255.20. Thus no delay in the order and speed of the pretrial motions was caused by the People’s service of the CPL 710.30 notice at the time of the arraignment on the second indict *267 ment, and the requirements of the statute are satisfied.” (Supra.)
Under the Court’s reasoning in People v Littlejohn (supra), upon the filing of a superseding information, the defendant is entitled to serve and file additional pretrial omnibus motions within 45 days of arraignment upon the superseding information. (See, CPL 255.10 [1] [b]; 170.30.) Thus, no delay in the order and speed of the pretrial motions is caused by the People’s service of the CPL 710.30 notice at the time of the arraignment upon the superseding information.
Defendant argues the People filed a pretextual superseding information in an effort to circumvent the provisions of CPL 710.30. The defendant puts forth a two-pronged argument— that the defendant did not move to dismiss the initial accusatory instrument, and that no new facts were contained in the superseding information. Implicit in the first prong of defendant’s argument is that a superseding information lies only in response to a motion to dismiss. The controlling provision, CPL 100.50, contains no provision requiring that a superseding information be filed only in response to a motion to dismiss. The provision permits the filing of a superseding information, "at any time before entry of a plea of guilty to or commencement of a trial”.
As to the second prong of defendant’s argument, the court notes that different sections of the Administrative Code are charged in each accusatory instrument. The original information charges the defendant with violation of Administrative Code § 27-365, while the superseding information charges the defendant with Administrative Code § 27-366. Administrative Code § 27-365 applies to "room[s] or enclosed space in which the total occupant loads exceeds the number of persons listed in table 6-3”* and requires "door openings * * * leading to exits”. Section 27-366 of the Administrative Code applies to "floors” requiring "independent exits”. The distinction between the sections is twofold — the type of area within the purview of the respective sections, and the type of egress required.
Additionally, absent from the original accusatory instrument are allegations of the occupancy group classification of the building, as well as the number of persons occupying the premises, essential elements of Administrative Code § 27-365. *268 The superseding information contains allegations as to the building’s use and status, and the number of persons occupying the premises. Thus, the superseding information replaces a defective instrument, adding new facts, and replacing the original charges with different charges. Under the circumstances herein, the People did not file a pretextual superseding information in an effort to circumvent the provisions of CPL 710.30.
Accordingly, the defendant’s motion to preclude is denied. The defendant may request a motion schedule to file additional pretrial motions.

 Table 6-3 lists nine occupancy group classifications along with their accompanying maximum occupant load with one door.