*948 OPINION OF THE COURT
Roy Tepper, J.
Defendant is charged under docket No. CR17463B/94 with a violation of section 265.01 (2) of the Penal Law, possession of a weapon in the fourth degree. The defendant moves this court to preclude the People from introducing at trial any statements allegedly made by the defendant to the police based upon the People’s failure to comply with the 15-day period proscribed by CPL 710.30. The issue presented to this court is whether the People may serve statement notice upon the defendant following the arraignment on a prosecutor’s information where no such notice was served at the defendant’s arraignment on the original accusatory instrument.
On October 24, 1994, the defendant was arraigned with counsel, by City Court information, and charged with assault in the first degree, a violation of section 120.10 (1) of the Penal Law ("A” docket), possession of a weapon in the fourth degree, a violation of section 265.01 (2) of the Penal Law ("B” docket) and assault in the third degree, a violation of section 120.00 (1) of the Penal Law ("C” docket).
On November 3, 1994 the People presented evidence to the Grand Jury concerning the alleged crimes. The result was a true bill for possession of a weapon in the fourth degree and assault in the third degree and a dismissal of the assault in the first degree charge. A directive to file a prosecutor’s information was issued.
On November 17, 1994, the People served the defendant with notice of defendant’s alleged written statement, pursuant to CPL 710.30. On November 30, 1994, the defendant was arraigned on the prosecutor’s informations on the two charges. On December 14, 1994 in voluntary disclosure material, the People gave notice of the aforesaid written statement and two photo identifications. Defendant has moved, in relation to the "B” docket, possession of a weapon in the fourth degree, to preclude the People from using the statement and any identification testimony concerning the defendant, arguing that the notice was untimely.
CPL 710.30 (2) provides that the People must serve notice of their intention to offer at trial evidence of a statement by defendant to a public servant "within fifteen days after arraignment and before trial”. In criminal court, a defendant must be arraigned at various stages of the proceedings — upon the filing of an information, a simplified information, a prose *949 cutor’s information or a misdemeanor or felony complaint in accordance with CPL 170.10 and 180.10. In the case at bar, the People filed a City Court information which was subsequently replaced by a prosecutor’s information. CPL 710.30 does not specify at which arraignment the 15-day period is triggered, nor is there any provision prohibiting the CPL 710.30 (1) notice at an arraignment on a superseding information.
The 15-day limitation of CPL 710.30 was included in the statute for the purpose of imposing order and speed on pretrial motions (see, People v O’Doherty, 70 NY2d 479, 488), and it must be read in terms of its relationship with CPL article 255 (see generally, People v Baris, 116 AD2d 174; People v Penasso, 142 AD2d 691). The Court of Appeals in O’Doherty reasoned that the pretrial motion provision of CPL 255.20 which requires the defendant to make substantially all pretrial motions at one time, on one set of omnibus papers, before one Judge, within 45 days after arraignment, is compromised, if the People are permitted under CPL 710.30 to serve upon the defendant statement notice at any time prior to trial. (People v O’Doherty, 70 NY2d, at 488, supra.)
It is clear that following arraignment on the prosecutor’s information the defendant is permitted to, and in this case did, file new pretrial motions pursuant to CPL 255.20. Thus, no delay in the order and speed of the pretrial motions was caused by the People’s service of the CPL 710.30 notice within 15 days of the arraignment on the prosecutor’s information, and the requirements of the statute are satisfied. (See also, People v Littlejohn, 184 AD2d 790; People v Lopez, 159 Misc 2d 264; People v Hylton, 139 Misc 2d 645; People v Alcindor, 157 Misc 2d 725.)
Accordingly, the defendant’s motion to preclude is denied.