OPINION OF THE COURT
Eileen N. Nadelson, J.
*345 Defendant moves to preclude the People from introducing at trial statements made by defendant on the grounds that the prosecution did not timely serve a CPL 710.30 notice following the filing of a superceding complaint.
Neither side denies that the People served and filed a statement notice pursuant to CPL 710.30 within 15 days of defendant’s arraignment on the initial complaint. The statement of defendant appearing with the notice has not changed. Defendant’s argument is based on the fact that the People did not reserve such notice after filing a superceding complaint. The court finds this argument to be without merit.
Section 710.30 (2) of the CPL requires that the People serve a defendant with a notice that they intend to use the defendant’s statement within 15 days of arraignment so that a defendant is accorded a reasonable opportunity to move to suppress use of that statement at trial. In People v O’Doherty (70 NY2d 479 [1987]), the Court stated that this is the primary purpose of the 15-day notice requirement of CPL 710.30: to provide the defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him.
“Arraignment” means the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over the person of the defendant and of setting the course of further proceedings in the action. (People v Haines, 139 Misc 2d 762 [Queens County 1988].) A defendant is arraigned both when the initial accusatory instrument is filed, and then when that accusatory instrument is converted to an information. Section 710.30 of the CPL refers to notice being served within 15 days after arraignment, not arraignment on a specific accusatory instrument. (Id.)
Notice served prior to arraignment has been held to have been timely served. (People v Alcindor, 157 Misc 2d 725 [Rings County 1993].) In fact, notice served prior to arraignment has been found to be more advantageous to a defendant by allowing him or her more time in which to prepare a pretrial motion regarding the statement’s admissibility. (People v Korang, 160 Misc 2d 604 [Sup Ct, Queens County 1994].) Therefore, since the notice in the instant case was served and filed contemporaneously at defendant’s first arraignment on the complaint that was subsequently superceded, the requirements of CPL 710.30 have been met.
*346 Based on the foregoing, the court concludes that the People are not required under CPL 710.30 to re-serve a properly served statement notice after filing a superceding complaint. Therefore, defendant’s motion to preclude is denied.