THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. RIVERS, Appellant. [889 NYS2d 788]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered October 2, 2007. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree, petit larceny and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) and resisting arrest (§ 205.30). We reject defendant's contention that the People impermissibly changed their theory of the case at trial (*cf. People*

*v Roberts*, 72 NY2d 489, 497 [1988]; *People v Orso*, 270 AD2d 947 [2000], *lv denied* 95 NY2d 856 [2000]). Further, we conclude that the evidence is legally sufficient to support the conviction of burglary and resisting arrest (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and that, viewing the evidence in this nonjury trial in light of the elements of those crimes (*see People v Danielson*, 9 NY3d 342, 349 [2007]), the verdict with respect to them is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that he was denied effective assistance of counsel based on the failure of defense counsel to advise Supreme Court (John J. Brunetti, A.J.) that it had not ruled on defendant's CPL 30.30 motion after the filing of a superseding indictment. Inasmuch as defendant's allegations in support of the motion "did not on their face indicate a clear entitlement to a dismissal of the charges under CPL 30.30" (*People v Lomax*, 50 NY2d 351, 357 [1980]; *see* CPL 210.45 [5]), the court did not err in summarily denying the motion. Thus, although " ' [i]t is well settled that a failure of [defense] counsel to assert a meritorious statutory speedy trial claim is, by itself, a sufficiently egregious error to render a defendant's representation ineffective' " (*People v Manning*, 52 AD3d 1295, 1295 [2008]), here defense counsel was not ineffective in failing to pursue a motion that had no chance of success (*see generally People v Caban*, 5 NY3d 143, 152 [2005]; *People v Jackson*, 64 AD3d 1248, 1250 [2009], *lv denied* 13 NY3d 745 [2009]).

Contrary to defendant's contention, the court properly refused to preclude the oral admissions that were the subject of the CPL 710.30 notice served by the People after the superseding indictment was filed. Those admissions were not referenced in the CPL 710.30 notice that was served in connection with the original indictment, but the record establishes that the People filed the superseding indictment out of necessity after the court dismissed two counts of the original indictment. We thus reject defendant's contention that the People attempted to circumvent the requirements of CPL 710.30 by filing the superseding indictment (*cf. People v Capolongo*, 85 NY2d 151, 165 [1995]; *see generally People v Jackson*, 245 AD2d 964 [1997], *lv denied* 91 NY2d 926 [1998]; *People v Littlejohn*, 184 AD2d 790 [1992], *lv denied* 81 NY2d 842 [1993]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.