# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**945**

**KA 10-00801**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROOSEVELT ROBERTS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 8, 2009.  The judgment convicted defendant upon a jury verdict of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum:  On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that County Court erred in denying his preclusion motion with respect to a second set of statements set forth in an allegedly untimely CPL 710.30 notice served on him after his arraignment on a superseding indictment.  Defendant further contends that he was deprived of a full and fair opportunity to contest the admissibility of those additional statements at a hearing.  Because we agree with defendant's latter contention, we hold the case, reserve decision, and remit the matter for a further *Huntley* hearing on the admissibility of those additional statements.

Initially, we reject the contention of the People that defendant failed to preserve his contentions for our review.  The grand jury issued an indictment charging defendant with crimes similar to those contained in the indictment before us on this appeal, and the People provided a CPL 710.30 notice to defendant stating that they intended to use at trial a statement that defendant had made at the scene of his arrest.  Defendant moved to preclude the admission of that statement at trial, and the court held a hearing on the motion.  During that hearing, defendant also moved to preclude the additional statements on the ground that they had not been included in the CPL 710.30 notice.  The prosecutor conceded that defendant had not been provided with a CPL 710.30 notice covering the additional statements.

After the hearing, the court granted defendant's motion to dismiss the indictment based on the legal insufficiency of the evidence before the grand jury.

The matter was re-presented to another grand jury that issued the superseding indictment at issue here and, in conjunction with that superseding indictment, the People served a new CPL 710.30 notice that included the additional statements. After defendant was arraigned on the superseding indictment, the court issued an order denying defendant's motion to preclude the statement included in the first CPL 710.30 notice and, two days later, the court issued an amended order denying defendant's motion to preclude the additional statements, determining, inter alia, that defendant had made those additional statements spontaneously. In response to the court's amended order, defendant requested "new or additional hearings to address th[e] admissibility of the[ ] additional statements." In addition, at oral argument on that request, defendant asserted that he had not been afforded a sufficient opportunity to contest the admissibility of the additional statements, particularly in light of the People's concession at the hearing that those additional statements had not been included in the first CPL 710.30 notice. The court denied defendant's request and adhered to its determination that the additional statements were admissible at trial. Consequently, defendant's contentions are preserved for our review because "the court 'was aware of, and expressly decided, the [issues] raised on appeal' " (*People v Collins*, 106 AD3d 1544, 1546, quoting *People v Hawkins*, 11 NY3d 484, 493; *see generally People v Poole*, 55 AD3d 1349, 1350, *lv denied* 11 NY3d 929).

With respect to the merits, we conclude that the court properly refused to preclude the additional statements included in the CPL 710.30 notice served by the People after the superseding indictment was filed (*see People v Rivers*, 67 AD3d 1435, 1436, *lv denied* 14 NY3d 773, *reconsideration denied* 14 NY3d 892; *see People v Littlejohn*, 184 AD2d 790, 790-791, *lv denied* 81 NY2d 842). "Those [statements] were not referenced in the CPL 710.30 notice that was served in connection with the original indictment, but the record establishes that the People filed the superseding indictment out of necessity after the court dismissed . . . the original indictment" (*Rivers*, 67 AD3d at 1436). We agree with defendant, however, that the court erred in determining the admissibility of the additional statements without reopening the *Huntley* hearing and affording defendant a further opportunity to contest their admissibility. The court concluded that the statements were spontaneously made and therefore not subject to suppression. At the time of the *Huntley* hearing conducted in conjunction with the initial indictment, however, the only issue before the court with respect to the additional statements was whether they should be precluded on the ground that they had not been included in the first CPL 710.30 notice. Consequently, inasmuch as the voluntariness of the additional statements was not at issue at that time, defendant had no reason or opportunity to explore the issues of spontaneity or the effect of the previously-given *Miranda* warnings, or to raise any other issues regarding the admissibility of those statements. Thus, "the hearing must be reopened" to afford him that

opportunity (*People v McGee*, 155 AD2d 878, 879; *see People v Tindal*, 92 AD2d 717, 717).

Entered:  October 4, 2013                    Frances E. Cafarell
                                               Clerk of the Court