■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CLARK, Appellant.— STALEY, JR., J. Appeal from a judgment of the County Court of Madison County rendered October 10, 1966 upon a verdict convicting defendant of the crime of assault in the second degree. The defendant, a 56-year-old man with a fourth grade education, was indicted by the Grand Jury, Madison County on July 14, 1966. The indictment accused the defendant of having committed the crime of assault in the second degree in that on May 4, 1966 he had assaulted Lue Sindia Spratt by willfully and wrongfully wounding and inflicting grievous bodily harm upon her with a single-bladed axe. After a trial the defendant was convicted of assault in the second degree, and sentenced to a term of two and one-half to five years. On the evening of May 4, 1966 Patrolman Anthony Luczak, a member of the Police Department of the Village of Canastota, New York, found Lue Sindia Spratt bleeding from a head wound, and conveyed her to the hospital. Upon being questioned as to the cause of her injuries, she stated that James Clark had hit her in the head with an axe. At about 1:00 A.M., on the morning of May 5, 1966, Patrolman Luczak arrested the defendant and brought him to the Village Police Station. Because of his apparent state of intoxication he slept in his cell and was given breakfast before being interrogated. At about 10:00 A.M. on the morning of May 5, 1966 the defendant signed a confession which was admitted into evidence upon the trial after a *Huntley* hearing. The record developed on the *Huntley* hearing clearly establishes that the defendant was fully advised of his rights, and that his statement was read and explained to him prior to his signing it. On this appeal the defendant does not dispute the adequacy of the warnings. Basically, his contention is that he is an illiterate 56-year-old man with a fourth grade education obtained in the State of Georgia, and it was impossible for him to make a knowing and intelligent waiver of his constitutional right to counsel. It is probable that the defendant could not read or write English, but the statement was admittedly read and explained to him. On the hearing the court read some of the questions and answers contained in the statement to the defend-

ant, and asked him if he understood them. The responses of the defendant clearly show that he understood each question and answer. This supports the testimony of the police officer who took his statement. There is nothing in the record which would indicate that he was coerced into confessing or signing the statement, nor is there any evidence of any promise or threat or deception on the part of the police officer. The record supports the determination that the confession was voluntarily made. The fact that he was illiterate and could not read or write English, is of no moment since the confession was read and explained to him and was adequately understood by him. (*People* v. *Bajramovoc*, 28 A D 2d 622.) The defendant contends that he requested counsel, and interrogation should have been stopped until counsel was furnished him. The only evidence that the defendant requested counsel is his testimony on the hearing wherein he stated: " Well, I wanted one. I told them I wasn't able to pay one, so they didn't offer to tell me nothing about it." This testimony raised an issue of fact which was determined adversely to the defendant by the trier of the facts who had an opportunity to hear and view the witnesses. We see no reason or basis in the record to disturb this determination. The defendant also contends that the alleged weapon, an axe, should not have been received in evidence, since the victim was not able to positively identify the axe as the one with which she was struck. The testimony, however, establishes that the assault took place beside the defendant's residence; that the axe was found just inside the front door of the defendant's home, and had human bloodstains on it, although they were in an insufficient amount for blood grouping. Testimony was also elicited to the effect that the defendant had been shown the axe and that he had stated or admitted that it was the axe he used to hit Lue Sindia Spratt. The defendant's confession also indicated that he had used an axe to strike Mrs. Spratt. There is no doubt that a weapon capable of causing the wound, used in an assault, is relevant and admissible in evidence, if found in the possession of the accused, or in close proximity to the scene of the assault immediately after the assault. (*People* v. *Del Vermo*, 192 N. Y. 470; *People* v. *Bonier*, 189 N. Y. 108.) Judgment affirmed. Gibson, P J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.