■ The People of the State of New York, Respondent, v Gary Chappelle, Appellant.—Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered May 30, 1991, convicting defendant of attempted murder in the second degree, and sentencing him to a term of 4 to 12 years imprisonment, unanimously affirmed.

When police officers arrived at 450 St. Nicholas Avenue in response to a call to assist an ambulance crew, they found complainant, wrapped in a bloody sheet. After the victim said that she had been stabbed and pointed to the open door of her apartment, the officers found defendant. He was covered with blood, ranting, and pacing. Asked what had happened, defendant replied that the victim had stabbed him, and that he knew how to use a knife. Subsequently and before defendant was handcuffed, he was asked about the whereabouts of the knife, and he replied "in the bedroom."

Contrary to defendant's claim on appeal, his initial statements to the police officers were not obtained illegally because they were made without the benefit of the *Miranda* warnings. The *Miranda* warnings are required when a person's freedom of movement is restrained and the questioning is designed to elicit incriminating evidence *(People v Huffman,* 41 NY2d 29). In this case, both elements were absent when defendant was asked what had happened *(see, People v Bennett,* 70 NY2d 891, 893-894). The officers were confronted with a bloodied and raving defendant, who might have been injured, and who in fact said he had been. However, defendant's admission as to the whereabouts of the knife should have been suppressed because the follow-up question, "what did you stab her with and where is the knife" was the functional equivalent of interrogation *(see, People v Quarles,* 58 NY2d 664, 666). Nevertheless, in view of defendant's earlier admissions and the ones he later made at the precinct after warnings were administered, admission of his statement as to the knife's location was harmless beyond a reasonable doubt.

Defendant's claim that the trial court improvidently denied his motion to sever counts from the indictment is without merit. The counts were dismissed by agreement before the trial started, and to the extent that defendant's argument raises a claim that proof of uncharged crimes was introduced, the point is unpreserved. No objection was raised to the proof of the antecedent combat between the victim and defendant. We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Kassal, JJ.