■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MARTINEZ, Appellant. [611 NYS2d 505] —Judgment, Supreme Court, New York County (Murray Mogel, J., at suppression hearing; Nicholas Figueroa, J., at trial and sentence), rendered May 13, 1992, convicting defendant, after a jury trial, of robbery in the first degree, attempted robbery in the first degree, robbery in the second degree, and attempted robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years for first degree robbery, 3 to 6 years for attempted first degree robbery and for second degree robbery, and 2 to 4 years for attempted second degree robbery, unanimously affirmed.

The prosecutor's CPL 710.30 notice was proper even though it failed to specifically set forth three statements which defendant made to a police officer, which were made in the same conversation with that officer as the statement concerning which notice was properly given and which were entirely consistent with that statement. In any event, even if the

admission of these statements were found to be error under CPL 710.30, such error was harmless *(People v Simmons,* 170 AD2d 15, 22-23, *lv denied* 78 NY2d 1130). In addition, the hearing court properly admitted defendant's fourth statement upon the ground that it was spontaneous *(People v Rivers,* 56 NY2d 476). Finally, since defendant never argued at the suppression hearing that his identification was the product of a suggestive "show-up", that argument is unpreserved for appellate review (CPL 470.05 [2]), and we decline to review it in the interest of justice. In any case, in challenging the suppression ruling, defendant's reliance on the trial record is improper *(People v Giles,* 73 NY2d 666), rendering the argument factually unsupported. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.