■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON RICHARDS, Appellant. [616 NYS2d 40] —Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered March 16, 1992, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years and an unconditional discharge, respectively, unanimously affirmed.

Defendant was not in custody and the officers were not attempting to elicit any incriminating evidence from defendant when they responded to the scene of the stabbing, found one person bleeding, asked defendant to "step back" and attempted to ascertain what had occurred (see, People v Chappelle, 189 AD2d 695). Assuming that the People's failure to give CPL 710.30 notice of a statement defendant made to one officer that was identical to the statement made to another officer of which the People did give notice made it error to admit the first statement, the error was harmless in view of the overwhelming evidence of defendant's guilt (People v Martinez, 203 AD2d 212; People v Manson, 176 AD2d 294, lv denied 79 NY2d 860). Defendant's claim that the prosecutor's summation impugned the integrity of his counsel by warning the jury not to let him "pull the wool over [their] eyes" and characterizing the evidence elicited by the defense was a "red herring" did not deprive defendant of a fair trial (see, e.g., People v Flores, 191 AD2d 306, lv denied 81 NY2d 1013; People v Emphram, 179 AD2d 402, lv denied 79 NY2d 947). Concur— Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.