■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELIN VALDIVIA, Appellant. [653 NYS2d 336] —Judgment, Supreme Court, New York County (Martin Rettinger, J., at suppression hearing; Budd Goodman, J., at jury trial and sentence), rendered September 22, 1994, convicting defendant of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 33 to 66 months and a fine of $2,500, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The hearing court properly ruled that portions of a written consent-to-search that arguably might be considered statements were substantially consistent with the statements contained in the People's statement notice so that there was no violation of CPL 710.30 (1) (a) by the People's failure to provide defendant with a copy of the written consent within 15 days of arraignment (*People v Cooper*, 78 NY2d 476, 484).

According due deference to the hearing court's findings of fact and credibility (*People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734), the record supports the court's determination that defendant voluntarily consented to the search of the premises in question. Defendant voluntarily signed the written consent-to-search at a time when he was not in police custody or in any way restrained, and in fact made an independent choice to cooperate with the police (*see, People v Gonzalez*, 39 NY2d 122).

Defendant's guilt was proven by overwhelming evidence.

We perceive no abuse of discretion in sentencing.

Defendant's remaining contentions are without merit. Concur—Murphy, P. J., Rubin, Tom and Andrias, JJ.