■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON VENTURA, Appellant. [673 NYS2d 106] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered April 15, 1994, convicting defendant, after a jury trial, of murder in the second degree and criminal possession

of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life and 3 to 6 years, respectively, unanimously affirmed.

Defendant's written confession, transcribed by a bilingual detective, was properly admitted at trial. The fact that defendant understood no English did not render the written statement inadmissible on the grounds of involuntariness or hearsay. The detective testified, at the suppression hearing and at trial, that he read the statement, written in English, back to defendant word for word in Spanish and that defendant adopted it as his own statement by signing each page. Police transcribed statements may be admissible (*People v Giro*, 197 NY 152, 159-160; *People v Clark*, 29 AD2d 700, 701; *People v Bajramovoc*, 28 AD2d 622, 623), and we see no reason to distinguish those involving translation where, as here, the People lay a proper foundation through the testimony of a bilingual officer. We have reviewed defendant's other arguments on this subject and find them to be without merit.

The trial court properly denied defendant's motion for a mistrial based upon an alleged violation of CPL 710.30 (1) (a), since the statement testified to was a reconfirmation of the statements that were contained in the People's statement notice and found voluntary at the *Huntley* hearing (*People v Valdivia*, 236 AD2d 225, *lv denied* 89 NY2d 1041; *People v Martinez*, 203 AD2d 212). In any event, any error that may have occurred was harmless given the other evidence (*People v Richards*, 207 AD2d 660, *lv denied* 84 NY2d 1037).

The verdict was not against the weight of the evidence. We find no reason to disturb the jury's determination to credit defendant's confession, which was consistent with the physical evidence concerning the manner in which the crime occurred and which contained facts not reported in a newspaper article about the crime. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.