■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD COLEMAN, Appellant. [682 NYS2d 402] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered July 29, 1996, convicting him of robbery in the second degree, criminal trespass in the second degree, assault in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rivera, J.), of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Although the defendant sought to have the court charge the jury on the defense of justification, the court was required to do so only if the evidence, considered in a light most favorable to defendant, reasonably supported the defense of justification (*see, People v McManus*, 67 NY2d 541; *People v Padgett*, 60 NY2d 142; *People v Scott*, 224 AD2d 926; *People v McGee*, 173 AD2d 861). The defendant's own testimony demonstrated that prior to his altercation with the complainant, the defendant gained access to the complainant's apartment building by preventing a door from locking and when the complainant told the defendant he could not enter the building, rather than withdrawing, the defendant tried to gain access by evading the complainant. Therefore, notwithstanding that the complainant

allegedly threw the first punch, the court properly declined to charge the defense of justification as the defendant did not act to avoid an imminent physical injury which was about to occur through no fault of his own (*see,* Penal Law §§ 35.05, 35.20 [2]).

Although the statement identified in the notice provided pursuant to CPL 710.30 differed somewhat from the statement provided by the police officer at the pretrial hearing, suppression of the statement was not warranted because the CPL 710.30 notice notified the defendant of the sum and substance of the statement (*see, People v Reid,* 215 AD2d 507; *People v Martinez,* 203 AD2d 212). Moreover, to the extent that the CPL 710.30 notice did not include the entire statement, the remaining part of the statement was made to the same police officer during the same conversation, in the same location as the statement identified in the CPL 710.30 notice. Therefore, the defendant was given sufficient notice of the statement so as to enable him to timely move to suppress it (*see, People v Martinez, supra; see also, People v Rodney,* 85 NY2d 289; *People v Lopez,* 84 NY2d 425).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.