■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL S. STURIALE, Appellant. [693 NYS2d 374] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and assault in the first degree (Penal Law § 120.10 [1]) and sentencing him to concurrent terms of incarceration of 4 to 12 years and 2 to 6 years respectively. Defendant contends that County Court erred in ruling that defendant's oral statements were admissible because those statements were not included in the CPL 710.30 notice; in finding that police had probable cause to arrest defendant; and in relying on opinions of the arresting officer and probation officer expressed in the presentence investigation report.

There is no merit to defendant's contention that the oral statements should have been precluded because the People failed to refer to them in their CPL 710.30 notice. The written statement attached to the notice was a transcript of the oral statements. Because the oral statements were equivalent to the written statement, notice of one constituted notice of the other (*see, People v Coleman*, 256 AD2d 473; *People v Linderberry*, 222 AD2d 731, 733, *lv denied* 87 NY2d 975; *People v Reid*, 215 AD2d 507, *lv denied* 86 NY2d 846; *People v Martinez*, 203 AD2d 212). Further, defendant sought suppression of "any and all" statements made by him. Because the oral statements were the very subject of the suppression hearing, the sufficiency of the CPL 710.30 notice was irrelevant (*see,* CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903, 904-905; *People v Merrill*, 87 NY2d 948, 949, *revg on dissent at* 212 AD2d 987; *cf., People v Bernier*, 73 NY2d 1006, 1008; *People v Amparo*, 73 NY2d 728, 729). In any event, defendant did not move to preclude, and his claim of preclusion for lack of notice under CPL 710.30 does not survive his guilty plea (*see, People v Taylor*, 65 NY2d 1, 3-4, 6-7).

Although the suppression court failed to make the requisite findings concerning the issue of probable cause (*see,* CPL 710.60 [6]; *People v Ayarde*, 220 AD2d 519, 520), the record provides an adequate basis for our review. The statement of an admitted accomplice of defendant provided probable cause to arrest defendant. The accomplice's basis of knowledge is apparent on the face of the statement. Further, the reliability of the accomplice was demonstrated by the fact that the statement was against his penal interest (*see, People v Berzups*, 49 NY2d 417, 427; *People v Perel*, 34 NY2d 462, 466; *People v Messina*, 209 AD2d 642, 642-643, *lv denied* 84 NY2d 1035). Moreover, defendant's inculpatory statement to police furnished probable cause for the arrest (*see, People v Hoover*, 251 AD2d 348, *lv denied* 92 NY2d 899; *People v Nichols*, 250 AD2d 370, *lv denied* 92 NY2d 881; *People v Niles*, 237 AD2d 537, 538, *lv denied* 90 NY2d 861).

We have considered defendant's remaining contention and conclude that it is without merit (*see,* CPL 390.30 [1], [3]; *see also, People v Walworth*, 167 AD2d 622, 623; *cf., People v Redman*, 148 AD2d 966, *lv denied* 74 NY2d 745). (Appeal from Judgment of Wayne County Court, Strobridge, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.