■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COFFARO, Appellant. [715 NYS2d 642] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered January 5, 2000, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD COLEMAN, Appellant. [715 NYS2d 862] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 16, 1998 (*People v Coleman,* 256 AD2d 473), affirming a judgment of the Supreme Court, Kings County, rendered July 29, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., O'Brien, Ritter and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND COPELAND, Appellant. [715 NYS2d 641] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 30, 1997, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was penalized for exercising his right to a jury trial (*see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087; *People v Goolsby,* 213 AD2d 722).

The County Court considered the appropriate factors in sentencing the defendant, and the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.