■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HERNANDEZ, Appellant. [730 NYS2d 229] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered September 22, 1998, convicting defendant, after a jury trial, of assault in the first degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 16 years and 2 to 4 years, respectively, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request for a mistrial based upon testimony from the arresting detective concerning a photo identification by the complainant, since defendant opened the door to such testimony and actually elicited it during cross-examination (*see, People v Cuiman*, 229 AD2d 280, *lv denied* 90 NY2d 903). Likewise, the court properly exercised its discretion in denying defendant's

mistrial motion based upon the detective's fleeting reference to what could have been construed as a prior arrest of defendant. Significantly, defendant did not accept the court's offer to provide a curative instruction (*see, People v Young*, 48 NY2d 995, 996).

The court properly exercised its discretion in limiting the cross-examination of the detective concerning the contents of a document not in evidence, since the questions asked sought to elicit hearsay that was not admissible under any hearsay exception and lacked a good faith basis (*see, People v Harrell*, 209 AD2d 160, *affd* 86 NY2d 806). Accordingly, there was no violation of defendant's right of confrontation (*see, Delaware v Van Arsdall*, 475 US 673, 678-679).

The victim's treating physician was properly allowed to offer testimony concerning the victim's memory loss in light of his experience attending to patients who had suffered similar injuries (*see, People v Cronin*, 60 NY2d 430).

The court's *Sandoval* ruling was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459).

The challenged portion of the prosecutor's summation was a fair comment on the evidence and did not deprive defendant of a fair trial (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.