### Antonio MONTERO, Petitioner,

v.

### B. FISCHER, Respondent.

### No. 01 Civ. 8048(VM).

United States District Court, S.D. New York.

July 18, 2002.

Antonio Montero, Ossining, NY, pro se.

Christopher P. Marinelli, New York City, for B. Fischer.

### DECISION AND ORDER

MARRERO, District Judge.

On August 27, 2001, petitioner Antonio Montero ("Montero"), represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"), requesting relief from his March 2, 1998 New York State (the "State") convictions for second degree murder, attempted murder in the second degree, second degree assault, second degree assault with a deadly weapon and reckless endangerment in the first degree. Montero claims that the convictions were unconstitutional because the trial court erroneously admitted his written statement into evidence. The State opposes his petition. For the reasons set forth herein, Montero's petition is denied.

### I. BACKGROUND

On June 15, 1994, a shooting occurred on West 152nd Street, Manhattan, in which Heriberto Alcantar was killed and Juan Cavonell, Freddie Aquino and Brenda Rodriguez were wounded. Approximately two years later, on April 30, 1996, the police arrested Montero in connection with this shooting. *People v. Montero*, Indictment No. 3794–96 (N.Y.Sup.Ct. Nov. 25–26, 1997) ("Suppression Hearing"), at 159–60.

On May 2, 1996, Detective Cecil Waithe ("Waithe") interviewed Montero, with Detective William Mendez ("Mendez"), who is bilingual, acting as an interpreter. *Id.* at 163–64. Mendez translated Waithe's questions into Spanish and wrote down Montero's answers in English. *Id.* at 164. In the interview, Montero admitted having committed the shooting. (Petitioner's Statement, dated May 2, 1996 ("Statement"), Answer and Exhibits in Support of Answer Opposing Petition for a Writ of Habeas Corpus, dated Mar. 22, 2002 ("Respondent's Answer"), Ex. G.) At the end of the interview, Mendez read the Statement back to Montero in Spanish and Montero signed it. Suppression Hearing, at 166. Later that day, Montero made another statement, this time on videotape, in which he again admitted to the shooting. (Statement of Antonio Montero Neftali, dated May 2, 1996 ("Videotaped Statement"), Respondent's Answer, Ex. H.) At trial, the State introduced, and the court admitted, both the Statement and the Videotaped Statement into evidence. *People v. Montero,* Indictment No. 3794–96 (N.Y.Sup.Ct. Feb. 4–9, 1998) ("Trial Tr."), at 161, 164.

On August 15, 1996, Montero moved to suppress both statements because he claimed that Mendez questioned him prior to administering adequate *Miranda* warnings. (Defendant's Affirmation, dated Aug. 15, 1996, Respondent's Answer, Ex. A., § II.) On November 26, 1997, the New York Supreme Court denied this motion after a suppression hearing, finding that Montero had received his *Miranda* warnings and voluntarily offered the statements.[1] Suppression Hearing, at 170–71.

On March 2, 1998, a jury convicted Montero of the counts enumerated above.

Trial Tr., at 345–50. Montero appealed to the State Supreme Court, Appellate Division, First Department, arguing that, because he only speaks Spanish and Mendez wrote down the Statement in English, Montero did not know what he signed, and the court therefore should not have admitted the Statement at trial. (Brief for Defendant–Appellant, dated Jan. 5, 2000 ("Defendant's Brief"), Respondent's Answer, Ex. B, at 8–10.) On May 12, 1998, the Appellate Division affirmed Montero's conviction. *People v. Montero,* 273 A.D.2d 128, 709 N.Y.S.2d 552 (App. Div. 1st Dep't 2000). On June 29, 2000, Montero applied for leave to appeal to the New York Court of Appeals. (Letter from John R. Lewis, Defendant's attorney, to Chief Judge Terry Ward, dated June 29, 2000 ("Defendant's Letter"), Respondent's Answer, Ex. E.) The court denied his request on August 28, 2000. *People v. Montero,* 95 N.Y.2d 868, 715 N.Y.S.2d 223, 738 N.E.2d 371 (2000).

In his petition to this Court, Montero claims that his conviction should be vacated because the Statement was unconstitutionally admitted into evidence. (Petition ¶ 12(A).)

## II. DISCUSSION

■ Under 28 U.S.C. § 2254(b), a federal court may not grant the habeas petition of a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is ... an absence of available State corrective process." For the purposes of the exhaustion requirement, a petitioner must have presented the specific constitutional claims that he brings in his federal habeas petition to the highest court in the

---

1. In the present Petition, Montero has not reasserted his constitutional claims based on the allegedly insufficient *Miranda* warnings.

state. *See Gray v. Netherland*, 518 U.S. 152, 163, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (holding that a petitioner cannot satisfy the exhaustion requirement "by presenting the state courts only with the facts necessary to state a claim for relief"); *Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir.2001) (holding that, to satisfy the exhaustion requirement, a petitioner must have presented his constitutional claims to the highest court of the state).

■ Alternatively, a petitioner may demonstrate that there are no state remedies available to him. *See Aparicio*, 269 F.3d at 89–90. Courts will not find that there are no available state remedies merely because a petitioner's procedural failing has resulted in the foreclosure of these remedies. *See id.* at 90 ("[W]hen the 'petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). A petitioner can only cure such a default through a showing of cause for the procedural default and prejudice resulting therefrom. *See Gray*, 518 U.S. at 162, 116 S.Ct. 2074; *Aparicio*, 269 F.3d at 90.

Because Montero failed to exhaust his state remedies, procedurally defaulted on his state claim and fails to demonstrate cause or prejudice, his petition for a writ of habeas corpus is denied.

Montero failed to exhaust his state remedies because he did not specifically raise any federal constitutional issues in his direct appeal or in his application to the Court of Appeals. (*See* Defendant's Brief (arguing that the Statement was improper under New York law but nowhere raising any federal or constitutional issues); Defendant's Letter (same).) [2] *See also Gray*, 518 U.S. at 161–63, 116 S.Ct. 2074; *Aparicio*, 269 F.3d at 89–90.

■ Montero also procedurally defaulted on his claim. New York law prevents Montero from now raising his constitutional claim before the New York Court of Appeals. He cannot seek leave to appeal this claim in that court because he has already made the one request for leave to appeal to which he was entitled and because he may not renew a request for leave to appeal based "on the assertion for the first time of new points." 22 N.Y. Ct. Rules § 500.10(a)-(b); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir.1991). Also, New York law bars collateral review of claims on grounds that defendants could have raised on direct appeal but did not. *See* N.Y.Crim. Proc. Law § 440.10(2)(b)-(c); *Grey v. Hoke*, 933 F.2d at 120. Because Montero could have raised his constitutional claim on direct appeal but did not, he defaulted on it. *See Aparicio*, 269 F.3d at 90; *Grey v. Hoke*, 933 F.2d at 120.

■ Montero fails to establish cause or prejudice to excuse this default. He alleges no cause for his failure to raise his constitutional claim on direct appeal. *See Aparicio*, 269 F.3d at 90. Although Montero's failure to demonstrate cause is

**2.** The Court agrees with the Appellate Division that "the fact that defendant understood no English did not render the confession inadmissible, since the detective translated the statement, verbatim, into Spanish for defendant before defendant adopted it as his own statement by signing it." *Montero*, 709 N.Y.S.2d at 552 (citing *People v. Ventura*, 250 A.D.2d 403, 673 N.Y.S.2d 106, 107 (App. Div. 1st Dep't 1998) (holding that admission of a statement, written in English and read back word-for-word in Spanish to a Spanish-speaking defendant, did not violate New York law)).

3

alone enough to bar consideration of his claim, the Court finds that he also fails to establish prejudice. To establish prejudice, a petitioner must establish "that errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Rodriguez v. Mitchell*, 252 F.3d 191, 203 (2d Cir.2001) (internal citations omitted). Montero argues in his Letter to the Court of Appeals that his "written statement was nothing less than a full confession to all of the charges against him" and that "after such a statement was heard by the jury, the People scarcely needed to present any other evidence." (Defendant's Letter, at 6.) However, the Videotaped Statement, the admissibility of which Montero does not here contest, reveals almost exactly the same information as the Statement. Therefore, admission of the Statement could not have "infect[ed] his entire trial with error." Accordingly, Montero has failed to demonstrate cause or prejudice to excuse his procedural default and is barred from pursuing the claim in federal court. *See Gray*, 518 U.S. at 162, 116 S.Ct. 2074; *Aparicio*, 269 F.3d at 90.

### III. *CONCLUSION AND ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that Montero's Petition for a Writ of Habeas Corpus is DENIED; and it is further

**ORDERED** that the clerk of Court is directed to close this case.

**SO ORDERED.**