■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASSANDRA DEAN, Appellant. [750 NYS2d 207] —Appeal from a judgment of Monroe County Court (Marks, J.), entered November 15, 2000, convicting defendant after a jury trial of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant contends that County Court improperly limited her cross-examination of a prosecution witness. We disagree. The probative value of the testimony that defendant sought to elicit was outweighed by the possibility of unduly prejudicing the People, confusing the issues, or misleading the jury (*see People v Baker,* 294 AD2d 888, 889; *see generally People v Primo,* 96 NY2d 351, 355). Moreover, defense counsel was afforded considerable latitude in which to cross-examine that prosecution witness concerning her possible motive to kill the victim (*see People v Weiss,* 269 AD2d 267, 268, *lv denied* 94 NY2d 954; *People v Ayuso,* 254 AD2d 26, *lv denied* 92 NY2d 1028). We reject the further contention of defendant that the court erred in denying her motion for a mistrial after a police investigator testified at trial to an oral statement made by defendant. After the suppression hearing, the court concluded that defendant's written statements would be admissible at trial but granted defendant's motion to preclude the oral statement by defendant to a police investigator on the ground that the People had failed to comply with the notice requirement of CPL 710.30. The court erred in granting defendant's motion to preclude that statement. Defendant

waived preclusion on the ground of lack of notice because she was given a full opportunity to be heard on the voluntariness of that statement at the suppression hearing (*see People v Garcia*, 290 AD2d 299, 300; *People v Brown*, 281 AD2d 700, 701, *lv denied* 96 NY2d 826). Thus, the court did not abuse its discretion in denying defendant's motion for a mistrial after the police investigator testified at trial concerning that oral statement. In any event, any error was harmless. The oral statement did not differ significantly from defendant's written statements, and the court's curative instruction provided an adequate remedy to alleviate any prejudice to defendant (*see People v Arocho,* 267 AD2d 110, *lv denied* 95 NY2d 793; *see also People v Ventura,* 250 AD2d 403, 404, *lv denied* 92 NY2d 931; *People v McGriff,* 149 AD2d 952, 953, *lv denied* 74 NY2d 814). The sentence is not unduly harsh or severe. Present— Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.