■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WARD, Appellant. [812 NYS2d 203]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered July 15, 2003. The judgment convicted defendant, upon a jury verdict, of forgery in the second degree (two counts) and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of forgery in the second degree (Penal Law § 170.10 [1]) and one count of criminal possession of stolen property in the fourth degree (§ 165.45 [2]). Contrary to the contention of defendant, Supreme Court properly exercised its discretion in limiting his cross-examination of the People's witnesses. A court has broad discretion in limiting cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant" (*Delaware v Van Arsdall*, 475 US 673,

679 [1986]), and we conclude that the court did not abuse its discretion. We reject the further contention of defendant that the court erred in limiting his cross-examination of a police investigator, thereby depriving him of the right to confront that witness. The record establishes that the testimony that defendant sought to elicit was inadmissible hearsay (*see People v Hernandez*, 286 AD2d 623, 624 [2001], *lv denied* 97 NY2d 682 [2001]).

Contrary to the further contention of defendant, he was not deprived of the right to consult with counsel before deciding whether to testify before the grand jury. Defendant discharged the assistant public defender assigned to represent him, and presented no valid reason for doing so. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides*, 75 NY2d 822, 824 [1990]; *see People v Smith*, 242 AD2d 908 [1997], *lv denied* 91 NY2d 897 [1998]). In any event, defendant was afforded the opportunity to consult with another attorney who represented him on other pending charges, and he declined to do so.

Finally, defendant failed to renew his motion to dismiss at the close of the People's case after presenting evidence and thus failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Diefenbacher*, 21 AD3d 1293 [2005]). In any event, defendant's contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.