■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY W. HORTON, Appellant. [855 NYS2d 409]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 2, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Hurlbutt, J.P., Martoche, Fahey, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON MENDEZ, Appellant. [856 NYS2d 766]—Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered November 10, 2003. The judgment convicted defendant, following a nonjury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [former (1)]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject defendant's contention that there was a *Rosario* violation and, even assuming, arguendo, that there was a *Brady* violation, we conclude that reversal is not required based thereon inasmuch as "there is no reasonable probability that the verdict would have been different had the material been disclosed to the defense and presented to the trier of fact" (*People v Leon*, 23 AD3d 1110, 1112, *lv denied* 6 NY3d 755 [internal quotation marks omitted]). The further contention of defendant that his due process rights were violated based on the People's failure to videotape his interrogation is without merit (*see People v Rosas*, 30 AD3d 545 [2006], *affd* 8 NY3d 493 [2007]). Present—Hurlbutt, J.P., Martoche, Fahey, Green and Gorski, JJ.