■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY ESQUERDO, Appellant. [897 NYS2d 565]—.

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 29, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (three counts) and robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [1]) and three counts of murder in the second degree (§ 125.25 [1], [3]). We conclude that County Court properly refused to suppress the oral and written statements that defendant made to police investigators while he was in custody. It is well settled that " '[t]he suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record' " (*People v Twillie*, 28 AD3d 1236, 1237 [2006], *lv denied* 7 NY3d 795 [2006]). Here, the court's determination that defendant did not invoke his right to counsel was based solely upon the credibility of the witnesses at the suppression hearing, and we perceive no basis to disturb that determination (*see People v Vaughan*, 48 AD3d 1069, 1071 [2008], *lv denied* 10 NY3d 845 [2008], *cert denied* 555 US —, 129 S Ct 252 [2008]; *see generally People v Gerena*, 49 AD3d 1204, 1205 [2008], *lv denied* 10 NY3d 958 [2008]).

We further reject the contention of defendant that he was not adequately apprised of his rights and did not fully comprehend them based on his limited understanding of the English language. It is undisputed that the police gave defendant a *Miranda* form in Spanish that explained his rights, including the right to remain silent and the right to speak to an attorney (*see People v Martinez*, 68 AD3d 1757 [2009]), and defendant conceded at the suppression hearing that he had no trouble understanding the information on that form. The record of the suppression hearing thus supports the court's determination that the waiver by defendant of his *Miranda* rights was knowing, voluntary and intelligent (*see People v Torres*, 245 AD2d 1124, 1125 [1997], *lv denied* 91 NY2d 978 [1998]).

To the extent that defendant further contends that the court erred in admitting his written statement in evidence at trial because the People failed to establish that the statement was an accurate transcription of defendant's oral statements, that contention is without merit. The inability of defendant to read his statement in English does not render the statement inadmissible inasmuch as a bilingual officer testified at trial that he translated the statement into Spanish for defendant, word for word, and that defendant thereafter signed and initialed the statement (*see People v Montero*, 273 AD2d 128 [2000], *lv denied* 95 NY2d 868 [2000]; *People v Ventura*, 250 AD2d 403, 404 [1998], *lv denied* 92 NY2d 931 [1998]). The accuracy of the officer's translation was an issue of fact for the jury (*see People v Fabricio*, 307 AD2d 882, 883 [2003], *affd* 3 NY3d 402 [2004]; *Montero*, 273 AD2d 128 [2000]).

Also without merit is the contention of defendant that his right of confrontation was violated when the court erred in refusing to permit him to utilize the services of his interpreter or his codefendant's interpreter during re-cross-examination of the bilingual officer, to challenge the accuracy of the officer's translation of defendant's written statement. "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish" (*Delaware v Fensterer*, 474 US 15, 20 [1985]). Here, the record establishes that defendant had the opportunity for effective cross-examination to challenge the accuracy of the officer's translation or any alleged deficiencies in the officer's ability to speak and comprehend Spanish. Indeed, the court merely precluded defendant from utilizing a particular method of cross-examining the officer that could have, inter alia, delayed the trial, confused the jury, and obscured the relevant issues (*see*

*People v Dean*, 299 AD2d 892 [2002], *lv denied* 99 NY2d 613 [2003]; *see also Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]; *People v Ward*, 27 AD3d 1119, 1119-1120 [2006], *lv denied* 7 NY3d 819, 871 [2006]).

Finally, there is no merit to the contention of defendant that he was denied due process because the police did not electronically record his interview. "[T]here is no Federal or State due process requirement that interrogations and confessions be electronically recorded" (*People v Kunz*, 31 AD3d 1191 [2006], *lv denied* 7 NY3d 868 [2006]; *see also People v Mendez*, 50 AD3d 1526 [2008], *lv denied* 11 NY3d 739 [2008]). Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.