*792 OPINION OF THE COURT
Timothy J. Buckley, J.
This is a decision on a motion filed by defense counsel. The defendant is charged with assault in the third degree (Penal Law § 120.00 [1]).
The defendant has moved to preclude possible identification testimony at trial because the People failed to timely serve notice of any testimony regarding the identification of the defendant by a witness (see CPL 710.30 [1] [b]; [2]). The following facts are pertinent to the issues raised before the court:
The defendant was arrested in the early morning of February 6, 2011 and charged with assault in the third degree. On February 6, 2011 at approximately 4:30 a.m. an officer served upon the defendant a notice of intention to offer evidence. The notice included oral statements allegedly made by the defendant; however, the notice did not include information concerning any pretrial identification of the defendant. An information was filed with the court charging the defendant with assault in the third degree. The defendant was arraigned upon this information on February 7, 2011. On March 7, 2011 a notice of intention to offer evidence was served upon the defendant. This notice states that a showup identification procedure was conducted at 3:05 a.m. on February 6, 2011 at Park Place at Washington Street, and an identification was made by William K. Schweitzer.
The defendant has submitted an omnibus motion which includes the request for preclusion of any identification testimony because the People failed to serve a timely notice of any testimony regarding the identification of the defendant by a witness (see CPL 710.30 [1] [b]). In response to the defendant’s motion, the People have filed an amended information charging the defendant with assault in the third degree. The amended information charges the defendant with the same offense based upon the same alleged facts. The People also reference supporting depositions from the arresting officer, Officer Arroyo, and a supporting deposition from Dr. Onyekaba in the second information that was not referenced in the first information.
The People argue that the defendant should be arraigned on the amended information filed with the court which would allow the People a new 15-day time period to serve the notice of any testimony regarding the identification of the defendant by a witness. The People state that such arraignment and *793 subsequent service of notice would render the defendant’s argument moot. In support of their argument the People cite People v Littlejohn (184 AD2d 790 [2d Dept 1992]). In Little-john the defendant was indicted and arraigned and no CPL 710.30 notice was served. A second indictment was filed against the defendant and a CPL 710.30 notice was filed at that time. The defendant argued that the CPL 710.30 notice was untimely because the notice was not served within 15 days of the first arraignment. The court determined in Little-john that service of the notice at the arraignment of the second indictment caused no delay to pretrial motions and that the requirements of CPL 710.30 were satisfied. This court has reviewed Littlejohn and determines that the case is not analogous to the situation before this court.
The court has reviewed the arguments made by counsel and the informations filed with the court. The court determines that the People’s characterization of the amended information filed with the court as a “superceding” information is incorrect. Informations are considered superceding when the subsequent information charges a different offense or alleges facts different from the original charges (see CPL 100.50). In the case before this court the amended information filed by the People does not charge a different offense, nor does it allege different facts. The theory of prosecution, as stated in the accusatory part of the information, has changed. The appropriate legal procedure to change the theory of prosecution from reckless assault to intentional assault in the accusatory part of the information is an amendment to the initial information adding a charge supported by the sworn factual allegations and that is what the People have done in this case (see CPL 100.45 [3]).
This court accepts the second information filed by the People as an amended information. The court does not recognize the second information filed by the People as a superceding information. Based upon the fact that the information is amended and not superceded, the People’s March 7, 2011 service of the notice of intention to offer evidence of a showup identification procedure is untimely (see CPL 710.30 [1] [b]; [2]). The People have failed to show this court good cause to permit the People to serve a late notice (see CPL 710.30 [2]).
Since the People have failed to timely comply with the mandatory disclosure provision of CPL 710.30, both the out-of-court and in-court identifications of the defendant by the *794 alleged victim are precluded regardless of the existence of an independent basis for the identification (see People v McMullin, 70 NY2d 855 [1987]; People v Perez, 177 AD2d 657 [2d Dept 1991]).