The People of the State of New York, Respondent,
against
Eric Lamendola, Appellant.




Thomas J. Lavallee, Esq., for appellant.
 Suffolk County District Attorney (Michael J. Brennan, Esq.), for respondent.

Appeal from judgments of the District Court of Suffolk County, First District (Richard T. Dunne, J.), rendered November 30, 2015. The judgments convicted defendant, after a nonjury trial, of driving while intoxicated per se and common-law driving while intoxicated, respectively. The appeal from the judgments of conviction brings up for review an order of the same court issued January 25, 2015, which, upon reargument, adhered to its original determination in an order dated September 30, 2014 denying defendant's motion to dismiss the superseding informations on the ground that his statutory right to a speedy trial had been violated.




ORDERED that the judgments of conviction are affirmed.
In August 2012, two misdemeanor informations were filed charging defendant with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), respectively. The People timely submitted a CPL 710.30 notice of their intention to offer at trial defendant's oral and written statements, but the notice did not include the time that the written statement had been made. Motion practice ensued, the case was adjourned numerous times and, in August 2013, the People filed two superseding informations, each charging the same offense as previously charged, but with additional factual allegations concerning defendant's admission that he had been operating the vehicle. Within 15 days of defendant's arraignment on the superseding informations, the People filed a new CPL 710.30 notice which provided the time, place, and sum and substance of [*2]defendant's written statement that he had been driving the car when something hit his windshield, which caused him to swerve and hit a pole. The notice also included the time, place, and sum and substance of an oral statement by defendant that he had consumed one beer. 
Defendant moved to preclude evidence of his statements on the ground that the August 2013 CPL 710.30 notice was untimely and to dismiss the superseding informations because his statutory right to a speedy trial had been violated. The People opposed the motion. By order dated September 30, 2014, the District Court denied the motion. Defendant subsequently moved, in effect, for leave to reargue. Upon reargument, the court adhered to its prior determination. 
Insofar as relevant to the appeal, at a nonjury trial, a police officer testified that defendant had informed him that he had been driving the car, and defendant's written statement was entered into evidence. Defendant was thereafter convicted of both charges.
On appeal, defendant contends that the District Court should have granted the branch of his motion seeking to dismiss the superseding informations on the ground that his statutory right to a speedy trial had been violated because the People's statement of readiness was illusory, as the original August 2012 informations were jurisdictionally defective, and, in any event, more than 90 days of delay were chargeable to the People; that evidence of his written statement should have been precluded at trial because the time of the statement was not provided in the original CPL 710.30 notice; that the People improperly filed a new CPL 710.30 notice in August 2013; that evidence of his oral statement, to the effect that he had been driving the motor vehicle, should have been precluded at trial because that oral statement was not included in the CPL 710.30 notice; and that, in view of the foregoing, the judgments of conviction should be reversed and the accusatory instruments should be dismissed or, in the alternative, the matter should be remitted for a new trial.
In order for an information to be facially sufficient, it (and/or any supporting depositions accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731) and the failure to meet these requirements may be asserted at any time, with the exception of a claim of hearsay, which, insofar as is relevant to this appeal, is waived if it is not timely raised by motion in the trial court (see People v Casey, 95 NY2d at 365-367). The law does not require that an information contain the most precise words or phrases which most clearly express the thought; rather, the factual allegations must provide the defendant with sufficient notice to prepare a defense and must be adequately detailed to prevent the defendant from being tried twice for the same offense (see People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360).
Upon a review of the record, we find that the August 2012 informations were not jurisdictionally defective. 
The information charging defendant with driving while intoxicated per se set forth factual allegations, made upon the complainant police officer's alleged personal knowledge, that, defendant had operated a vehicle. The breath test operator's supporting deposition alleged that defendant had submitted to a breath test, which test result showed that defendant's blood alcohol content was .15%. These allegations, if true, established every element of driving while [*3]intoxicated per se (see Vehicle and Traffic Law § 1192 [2]; CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d at 731), provided defendant with sufficient notice to prepare a defense, and are adequately detailed to prevent defendant from being tried twice for the same offense (see People v Konieczney, 2 NY3d at 575; People v Casey, 95 NY2d at 360). 
The information charging defendant with common-law driving while intoxicated provided factual allegations, made upon the complainant police officer's alleged personal knowledge, that defendant had operated a motor vehicle which had crashed into a light pole; that the complainant had observed that defendant had an odor of an alcoholic beverage on his breath and had bloodshot, glassy eyes; that defendant was unsteady on his feet; and that defendant's field sobriety tests results showed indicators of intoxication. These allegations, if true, established every element of common-law driving while intoxicated (see Vehicle and Traffic Law § 1192 [3]; CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d at 731), provided defendant with sufficient notice to prepare a defense, and are adequately detailed to prevent defendant from being tried twice for the same offense (see People v Konieczney, 2 NY3d at 575; People v Casey, 95 NY2d at 360). "It is of no import that the trial testimony established that the police officer, in fact, had not observed defendant operate the vehicle, but had been informed by other persons that defendant had operated the vehicle, since [a]n accusatory instrument must be construed [within] its four corners (People v Thomas, 4 NY3d 143, 146 [2005]) and may not be undone by contrary findings of fact in a subsequent proceeding (People v Gordon, 88 NY2d 92, 96 [1996])' " (People v Netusil, 34 Misc 3d 137[A], 2011 NY Slip Op 52410[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011], quoting People v Christiansen, 19 Misc 3d 134[A], 2008 NY Slip Op 50693[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). 
In view of the foregoing, defendant's contention that the People's statements of readiness prior to the filing of the superseding informations in August 2013 were illusory lacks merit. A "statement of readiness is presumed truthful and accurate," and it is defendant's burden to show that the statements were illusory (see People v Brown, 28 NY3d 392, 405 [2016]), which burden defendant has failed to meet. 
The People were required to announce their readiness for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Once a defendant has shown the existence of a delay greater than 90 days, the burden of showing that certain periods of time should be excluded falls on the People (see People v Brown, 28 NY3d at 403; People v Berkowitz, 50 NY2d 333, 349 [1980]). Defendant argues, on appeal, that the People should be charged with the following time periods: August 16, 2012 to September 21, 2012 (36 days), September 21, 2012 to October 29, 2012 (38 days), October 29, 2012 to December 10, 2012 (42 days), March 4, 2013 to April 11, 2013 (38 days), and April 11, 2013 to June 14, 2013 (64 days).
From August 16, 2012 to September 21, 2012, 36 days of delay are chargeable to the People because they failed to satisfy their burden of ensuring that the record of the adjournment was sufficiently clear to enable a court deciding a CPL 30.30 motion to decide to whom that time should be charged (see People v Cortes, 80 NY2d 201, 215-216 [1992]). No days are chargeable to the People for the time period from September 21, 2012 to October 29, 2012 because the parties were engaged in motion practice (see CPL 30.30 [4] [a]). The People are also not charged with the time period from October 29, 2012 to December 10, 2012, as the record indicates that [*4]the case was administratively adjourned to December 10, 2012 due to the effects of Superstorm Sandy, an exceptional circumstance (see CPL 30.30 [4] [g]). In addition, the People are not charged with the time periods of March 4, 2013 to April 11, 2013 and April 11, 2013 to June 14, 2013, because the People were ready for hearings and/or trial during this time, and the case was adjourned for the scheduling of the hearings and/or trial (see CPL 30.30 [4] [a]). In view of the foregoing, less than 90 days of delay are chargeable to the People. Consequently, upon reargument, the District Court properly adhered to its prior determination denying the branch of defendant's motion seeking dismissal of the superseding informations on the ground that his statutory right to a speedy trial had been violated.
After a defendant is arraigned on a superseding information, the People are allowed to file a new CPL 710.30 notice within the requisite 15-day time period (see People v May,138 AD3d 1024 [2016]; People v Roberts, 110 AD3d 1466, 1467-1468 [2013]; People v Littlejohn, 184 AD2d 790, 791 [1992]). Contrary to defendant's contention, the People, pursuant to CPL 100.50 (1), superseded, and did not "amend," the August 2012 misdemeanor informations (see People v Braine, 55 Misc 3d 142[A], 2017 NY Slip Op 50606[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). CPL 100.50 (1) does not require the People to charge the same offenses or allege identical facts when filing a superseding information (cf. CPL 100.50 [2]). Rather, a new information may even charge "new, joinable crimes premised on factual allegations that were not included in the original information" (People v Thomas, 4 NY3d at 148). Consequently, after defendant's arraignment on the August 2013 superseding informations, which contained additional facts, the People properly submitted a new CPL 710.30 notice within 15 days of defendant's arraignment. This new notice provided the sum and substance, date, time and location, of defendant's oral statement (regarding the beer he had consumed) and written statement (that he had driven the motor vehicle). 
The additional facts provided in the superseding informations corrected details as to how the complainant police officer had obtained his knowledge that defendant was driving the motor vehicle. The record demonstrates that the People had a good reason for superseding the informations and does not support a finding that the People filed pretextual superseding informations in order to circumvent the provisions of CPL 710.30 (see e.g. People v Capolongo, 85 NY2d 151, 165 [1995]; People v Etkin, 50 Misc 3d 1216[A], 2016 NY Slip Op 50115[U], *4 [Crim Ct, Kings County 2016]; People v Porter, 33 Misc 3d 791 [Geneva City Ct, Ontario County 2011]; People v Iavarone, 12 Misc 3d 1558[A], 2006 NY Slip Op 50948[U] [Crim Ct, NY County 2006]). In view of the foregoing, the District Court properly did not preclude evidence of defendant's written statement. The District Court also properly allowed the People to elicit testimony of defendant's oral statement to the police officer that he had operated the motor vehicle since defendant's oral statement was the same as his written statement contained in the CPL 710.30 notice and, therefore, notice of the written statement constituted notice of the oral statement (see People v Sturiale, 262 AD2d 1003 [1999]; see also People v Garcia, 290 AD2d 299, 300 [2002]).
Accordingly, the judgments of conviction are affirmed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017