People v Small (2018 NY Slip Op 07551)





People v Small


2018 NY Slip Op 07551


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


876 KA 16-01319

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNNIE SMALL, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered July 19, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, loitering and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), loitering (§ 240.35 [2]), and unlawful possession of marihuana (§ 221.05). Contrary to defendant's contention, County Court did not abuse its discretion in denying, on the ground that the People established exceptional circumstances to warrant an adjournment (see CPL 30.30 [4] [g] [i]), defendant's renewed motion to dismiss pursuant to CPL 30.30 (see generally People v LaBounty, 104 AD2d 202, 204 [4th Dept 1984]). We reject defendant's contention that the evidence is legally insufficient to support his conviction of criminal possession of a weapon in the second degree (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Additionally, viewing the evidence in light of the elements of that crime as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence with respect to that crime (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contention that the court erred in denying his second request for new counsel, the court made more than the requisite minimal inquiry into defendant's objections before determining that there was no good cause for the substitution of counsel (see People v Jones, 114 AD3d 1239, 1240 [4th Dept 2014], lv denied 23 NY3d 1038 [2014], lv denied 25 NY3d 1166 [2015]), and even adjourned proceedings for a week to facilitate further communication between defense counsel and defendant. We note that the court granted defendant's first request to replace trial counsel before argument of his posttrial motion, and it is well settled that "[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Sides, 75 NY2d 822, 824 [1990]; see People v Ward, 27 AD3d 1119, 1120 [4th Dept 2006], lv denied 7 NY3d 819 [2006], reconsideration denied 7 NY3d 871 [2006]). The sentence is not unduly harsh or severe. We have examined defendant's remaining contention and conclude that it is without merit.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court